## Powell *against* Smith.

The right of property in a chattel, which has become such by severance from the freehold, cannot be determined in a transitory action.  Hence, *replevin* will not lie for fixtures separated and removed from a mill.

ERROR to the common pleas of *Butler* county.

*Replevin.*   Andrew Smith, the defendant in error, had recovered in ejectment against the plaintiff in error, John Powell, a tract of land with a merchant mill thereon erected: after judgment, and before the issuing of a *habere facias possessionem,* Powell severed and

[Powell v. Smith.]

removed from the mill the bolting-cloth, meal-chest, mill-spindle, &c. &c.; and this *replevin* was brought by Smith for those articles. The objections to the plaintiff's recovery were: that the property, if personal, of right belonged to the defendant; and if it belonged to the realty, *replevin* was not an appropriate form of action.

The court below was of opinion that the property belonged to and passed with the realty, but inasmuch as the defendant had severed it, it was personal so far as regarded him and the right to maintain this action. The plaintiff recovered.

*Gilmore*, for plaintiff in error, cited: 2 *Chit. Black.* 123; *Coke Lit.* 146, in note; Mather *v.* Trinity Church, 3 *Serg. & Rawle* 513; Brown *v.* Caldwell, 10 *Serg. & Rawle* 114.

*Ayres*, contra, cited, 4 *Bac. Ab.* 385, title *Replevin, F. N. B.* 68; 2 *Bac. Ab.* title *Distress, B*; Martin *v.* Martin, 17 *Serg. & Rawle* 433; 2 *Penns. Black.* 189.

The opinion of the Court was delivered by

GIBSON, C. J.—The principle which is to govern this case, was settled in Mather *v.* Trinity Church, 3 *Serg. & Rawle* 509; Baker *v.* Howel, 6 *Serg. & Rawle* 476; and Brown *v.* Caldwell, 10 *Serg. & Rawle* 114: in which it was determined, on principle and authority, that the right of property in a chattel, which has become such by severance from the freehold, cannot be determined in a transitory action by a trial of the title to the freehold, because the title to land might otherwise be tried out of the county. An action of *trover* or *replevin* for such a chattel therefore does not lie by a plaintiff out of possession. And this is entirely consistent with the admitted principle that a proprietor, in actual possession, may waive the trespass to the freehold, and go for the value of the property taken, because the action is maintainable on evidence of possession alone. Independent of this technical inhibitory principle, which however is decisive, it would provoke much useless litigation, and be attended with great practical mischief, if an owner out of possession were suffered to harass the actual occupant with an action for every blade of grass cut, or bushel of grain grown by him, instead of being compelled to resort to the action for mesne profits, after a recovery in ejectment, by which compensation for the whole injury may be had at one operation. It may be safely affirmed then, that an action like the present cannot be maintained where the plaintiff can make title to the chattel only by making title to the land from which it was severed. But it would seem that actual possession, at the time of the severance, is sufficient evidence of property. Here, however, the property laid in the declaration was taken by the defendant while he was yet in actual possession, though after a recovery of the mill, of which it was essentially a part; and the only thing like a question in the cause is, whether the naked recovery, which preceded the

asportation, distinguishes the case from those cited. But nothing is clearer than that such a recovery is not equivalent to an entry even to bar the statute of limitations, and therefore not equivalent to actual possession. The mind is staggered at this conclusion, but unnecessarily, by an apprehension that it would leave the plaintiff without a remedy. He may have remedy by the action for *mesne* profits, not in the usual form, but by laying the spoliation specially in the declaration. Dewey *v.* Osborne, 4 *Cowen* 329, is the very case; and Goodtitle *v.* Tombs, 3 *Wils.* 118; Hylton *v.* Brown, 2 *Wash. C. C. Rep.* 165; and The Lessee of Jackson *v.* Loomis, 4 *Cowen* 172, are founded essentially on the same principle. Beside, he might have remedy by the writ of *estrepement*, if not *pendente placito* under the statute of Gloucester or our own act of assembly, yet certainly at the common law, for waste committed after judgment and before execution, as appears by 2 *Inst.* 328 ; in which damages may be recovered commensurate with the injury.

Judgment reversed.