Pearson. J.
 

 There is no error in the instructions. The corn, &c., which urns attached to the land at the time the defendant was put in possession, passed w'ith it.and belonged to him. But the fodder
 
 fyc.
 
 which had been severed, although on the premises, did not pass with the land; for, it had ceased to be a part thereof, and the defendant had no right to take it. His remedy was an action, not for the specific articles, but for damages, by way of
 
 mesne
 
 profits. If the defendant had a right to take the specific articles, he would for the same reason be entitled to recover their value in trover against the plaintiff, or any one, to whom he might have sold them. The amount of which would be, when one, who has been evicted,regains possession,lie may maintain trover against
 
 *492
 
 every one who has bought a bushel of corn or a load of wood from the trepasser, at any time while he was in possession. This, especially in a Country where there are no markets
 
 overt,
 
 would be inconvenient, and no person could safely buy of one, whose title admitted of question. The mere statement of the proposition shocks our notions of common sense and calls for an over-powering weight of authority to sustain it. There is no authority for it in our reports, the invariable practice having been to bring trespass for
 
 mesne
 
 profits and for damages, if there has been any destruction or injury' to the freehold.
 

 Trover for the specific articles, either against a trespasser or a third person, has never been attempted. Upon examination, it is found, that there is no authority for it anywhere.
 

 Our attention has been called to a passage in the New York edition, 1846, of Adams on Ejectment page 347, where it is said : “crops will pass to the lessor, although severed at the time the writ of possesion is executed, provided, the severance was after the date of the demise.” This is an interpolation, and is not in any of the former editions.
 
 Upton
 
 v.
 
 Witherick,
 
 3 Bing. 51 is cited. We have examined that case — it does not sustain the position. That was a
 
 motion
 
 by a tenant, who held over after his term and was turned out by a writ of possession, for a rule, that the lessor pay over to him the value of some grass and oats, which he had severed recently before the writ was executed, alleging, that he was entitled to them as a way going crop and which the lessor had taken into possession. The Court was clearly of opinion, that the motion was of the first impression ; that, to entertain it» would offer inducements to tenants to hold over, and if the defendant had any claim to a way' going crop, he might bring his action. The inference from this case, that crops would pass to the lessor after he regains possession, although severed at any time between the date of
 
 *493
 
 the demise and the execution of the writ of possession, was hastily drawn and is not warranted by if.
 

 The only other case cited, which has any bearing, is
 
 Morgan
 
 v.
 
 Varick,
 
 8 Wendall 587. That was an action of trespass for
 
 mesne
 
 profits and
 
 de bonis asportatis.
 
 The plaintiff, having been let into possession after a recovery in ejectment, brought the action against the defendant in ejectment, for
 
 mesne
 
 profits and for damages, for removing certain boilers of a steam engine, which had been used in a corn mill on the premises. The Judge below held, that the plaintiff could recover
 
 mesne
 
 profits, but was not entitled to recover damages for removing the boilers. Savage, C. J. delivers the opinion of the Court. It is not at all satisfactory upon the point of the case. The stress of the argument is spent upon a collateral question. The learned Judge enters into a long discussion of the doctrine in one ef the resolutions in
 
 Lifford’s case,
 
 11 Coke 51, and succeeds in proving by argument and authority, that after the owner regains possession, he may maintain trespass for
 
 mesne
 
 profits and for damages for any injury to the freehold as well against third persons and strangers, who had come into possession, as against the original trespasser — against such occupant for the time he was in. Tha relevancy of this discussion is not clearly perceived ■ — the defendant was the
 
 original trespasser,
 
 and not a stranger. The case turned upon the statute of limitations (6 years.) The boilers were severed more than six years before the commencement of the action. They were removed from the premises at the request of the defendant
 
 within six years.
 
 If the severance had been within six years, it would have been “plain sailing” for the Court; for
 
 mesne
 
 profits and damages would have covered it. Such, however, was not the fact. And ingenuity was taxed to prevent the statute from being a bar to a recovery for what the Judge “calls a wanton injury, as the boilers were sold for one fourth of their value.”
 
 *494
 
 This could only be effected by holding, that the boilers, after they were converted into personal property by severance, belonged as chattels to the plaintiff. Accordly, after the long discussion, above alluded to, this conclusion is announced ; but it is a mere assertion, and is not supported either by argument or authority.
 

 In this case the articles sued for were of annual production ; and my Lord Coke suggests a distinction between such things as corn, &c., which come by the act and operation of the party ; “for, if he had not sowed the land, no corn would have been there,” and such things as come by the act of God, as trees, &c. We do not, however, put the case upon this distinction. The true distinction is, where a tenant, or one having a particular estate, wrongfully severs a tree or other thing from the freehold, it becomes personal property and immediately belongs to the landlord or remainderman, who may punish the tenant for waste and may take the thing; or may presently bring trover against the tenant or any third person, who has converted if. For, as there is no possession adverse to him, the thing when severed immediately belongs to him as a chattel. Besides, he would otherwise be without remedy, as he could
 
 not bring trespass Iquare clausum,
 
 the tenant being
 
 rightfully in possession. ■
 

 But when one, who is in the udoersepossession,gathers a crop in the course of husbandry, or severs a tree or other thing from the land, the thing severed becomes a chattel, but it does not become the property of the owner of the land ; for, his title is divested — he is out of possession and has no right to the immediate possession of the thing, nor can he bring any action until he regains possession, Then, by the
 
 jus postliminii
 
 or fiction of relation, he is considered as having been in possession all the time for the purpose of bringing trespass
 
 quare clausun fregit
 
 with a
 
 continaundo
 
 from day to day, in which he recovers the value of the mesne profits and damages for the injury
 
 *495
 
 done to his freehold by the severance of any part of it, or for any other injury consequent to the breach of his close. This action can be maintained against any one, Who has been in possession for the time he held it, but the owner 'of the land cannot sue for the thing severed in trover or detinue as a chattel; for, it is not his chattel — * it did not become so at the time it was severed, and the title to it as a chattel cannot pass to him
 
 afterwards,
 
 when he regains the possession, by force of they?« post
 
 liminii
 
 The fiction is made to enable him to recover for breaking his close and the injuries consequent thereto, but it is not made for the purpose of vesting a right to chattels.
 

 The action of trespass
 
 quare clausum,
 
 for the
 
 mesne
 
 profits is a continuation of the action of ejectment. Hence, the judgment in ejectment is conclusive as to the title. Originally, the plaintiff in ejectment recovered actual damages. It was only for the sake of convenience, that the Courts adopted the practice of trying the title only in the ejectment with sixpence damages, and then ascertaining the actual damages in a new action for the
 
 mesne
 
 profits and damages. But if this novel application of the action of trover or trespass
 
 de bonis asportatis
 
 for a thing severed and made a chattel, while there was an adverse possession, be introduced, it would be difficult, to find any authority fór holding, that a recovery in ejectment by John Doe is conclusive of the lessor’s title in an action by him for the purpose of proving his title to a chattel.
 

 It,was said for the defendant, that the plaintiff ought not to recover, because he could get the value of his fodder, &c , by way of diminution of damages in the action by him (the defendant) for the
 
 mesne
 
 profits. This idea is of the first Impression. We prefer to keep rights distinct, and allow each party, when his rights are invaded, his appropriate action.
 

 Per Curiam.
 

 Judgment' a&meds