## Lehman et al. versus Kellerman.

1. It is error to nonsuit a plaintiff who has made out a case for the jury, but it is not error to refuse a nonsuit.

2. In an action of replevin for grain cut and carried away from land of which the plaintiff had actual adverse possession, the defendant could not defend on his alleged better title to the land.

3. In such case the defendant's remedy would be by ejectment and for mesne profits.

4. The actual possession operates as a disseisin.

5. Elliott v. Powell, 10 Watts 453, criticised; Harlan v. Harlan, 3 Harris 507, approved.

May 12th 1870. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

[Lehman *v.* Kellerman.]

Error to the Court of Common Pleas of *Bedford county:* of May Term 1870, No. 38.

William Kellerman on the 8th of July 1868, brought an action of replevin against Samuel Lehman and others, for forty-five dozen sheaves of wheat and ten dozen sheaves of rye. The defendants amongst other pleas, pleaded "property in themselves."

The plaintiff was the owner of a tract of land, warranted and surveyed in the name of Marcus Metzgar. The defendants were owners of an adjoining tract warranted and surveyed in the name of Kinsey Daniels. The defendants alleged that a part of the tract held by the plaintiff was within their survey. The plaintiff being in actual and peaceable possession of the whole in 1867, sowed two or three acres of that part which the defendants claimed as theirs, with wheat and rye.

In the harvest of 1868, the defendants entered upon the tract and cut and immediately hauled away the wheat and rye, which had ripened on this small piece. For this grain the action of replevin was brought.

On the trial, February 24th 1869, before King, P. J., the plaintiff proved the taking and rested.

The defendant moved for a nonsuit; which was refused.

The defendants gave a large amount of evidence to show his title to the land in dispute, and the plaintiff gave evidence in rebuttal on this question.

The defendants' 1st point was :—

"That the disseverance of this grain from the realty, and the removal of it, having been both done at once, as a part of the same act, trespass and not replevin was the remedy, as the injury was to the realty, and this action cannot be maintained."

Their other points related to the question of title.

The court answered the 1st point : "Whilst we think the action of trespass would have been the more appropriate remedy in this case ; still, the action of replevin may be maintained, if the jury find that the land on which the grain was raised belonged to the plaintiff or his landlord. The instant the grain was severed from the freehold it was converted into personal property, to recover which the action of replevin will lie."

The verdict was for the plaintiff for $9.

The defendants took a writ of error and, amongst others, assigned for error the refusal of the nonsuit and the answer to the point.

*W. M. Hall* (with whom were *G. H. Spang* and *J. Cessna*), for plaintiff in error.—Replevin will not lie where there is a common possession nor where the title to the land is the real subject of controversy between the parties : Brewer *v.* Fleming, 1 P. F. Smith 102 ; Mather *v.* The Trinity Church, 3 S. & R. 509 ; Baker *v.* Howell, 6 Id. 476 ; Brown *v.* Caldwell, 10 Id. 114 ; Harlan *v.*

Harlan, 3 Harris 507. Nor where the disseverance and removal were part of the same act: Powell v. Smith, 2 Watts 127.

*Russell & Longenecker*, for defendant in error.—Replevin can be maintained in such a case as this: Harlan v. Harlan, 3 Harris 507; Clement v. Wright, 4 Wright 250; Wright v. Guier, 9 Watts 172; Elliott v. Powell, 10 Id. 454; Brewer v. Fleming, 1 P. F. Smith 115; Young v. Herdic, 5 Id. 172.

The opinion of the court was delivered, July 7th 1870, by

AGNEW, J.—It is error to nonsuit a plaintiff who has presented a case sufficient to go to the jury; but is not error to refuse a nonsuit; for when the defendant has given his evidence, he has it still in his power to ask the court to instruct the jury upon the insufficiency of the plaintiff's evidence to maintain the action.

All the other assignments stand upon a single ground, the right of the defendants to try the title to the *locus in quo* in an action of replevin for the grain cut and carried away by them. The judge said in his charge (and this is not excepted to as being contrary to the evidence), "that the plaintiff had possession of the fields and sowed the grain, and that the defendants cut and carried it away, are admitted facts." An examination of the testimony shows also that the fact of the plaintiff's actual possession was not rebutted; and that Kellerman, as the tenant of Josiah Miller, had been in possession for several years of the field in which the grain grew, and ploughed it and sowed the crop which the defendants took off. It was a clear case of an adverse and disputed title; Lehman claiming the field under a warrant and survey in the name of Kensey Daniels, and Miller claiming it under a warrant and survey for Marcus Metzgar; the question being as to the location of the lines upon these warrants. The plaintiff having the actual adverse possession, according to the principles stated and authorities cited in Powell v. Smith, 2 Watts 126, the defendants could not defend on their alleged better title, in the action of replevin brought for the grain, but must be driven to an action of ejectment and for the mesne profits. The actual possession of the plaintiff operates as a disseisin and turns the true owner over to his action to dispossess the disseisor: Altemose v. Huffsmith, 9 Wright 128, 9; Hoey v. Furman, 1 Barr 300. The chief difficulty is to reconcile some of the decisions heretofore made. Thus in Elliott v. Powell, 10 Watts 453, it was held that a defendant in replevin for a crop of grain cut and carried away by him, might set up his title to the *locus in quo*, on the principle that his right of entry justified his entry and taking the profits of the soil which was his. But the case is not fully reported, and, taken in the full extent of the principle stated in the opinion, would conflict with subsequent as well as previous decisions.

[Lehman *v.* Kellerman.]

Although the plaintiff in that case was in the actual possession and sowed the grain, it does not appear that he did so under an adverse title, while the opinion of Justice Rogers proceeds evidently on the ground that there was no contested title and the defendant had an immediate right of entry, which he exercised, and thereby put himself into actual possession before the cutting of the grain. Unless this be the fact it is inconsistent with his own opinion in Harlan *v.* Harlan, 3 Harris 507, in which he several times refers to Elliott *v.* Powell, without apparently supposing there is any inconsistency, and takes precisely the distinction here stated in the following clear terms: "Although the actual possession is in the defendants, yet there is, in *the sense attached to* it, in the cases cited, *no adverse* holding, nor the semblance of a *contest of title.* The title never has nor ever can be disputed by them. The mere assertion of title would be nothing. The court looks to the substance; and when it appears *that in truth it is a trial of title*, then it is properly ruled that *replevin is not the proper action*, but that it must be tried in another form. Beyond, the cases do not go, nor does public policy require they should." See the cases collected in Brewer *v.* Fleming, 1 P. F. Smith 115. Applying these principles, stated by Judge Rogers, to the present case, it is evident the whole defence was inadmissible; as it was a contest of title between two warrants and surveys, as to which covered the ground in controversy. The plaintiff having been in the clear, peaceable and undisturbed possession and sowed the grain, the court should have ruled out the defence, and sent the defendants to their remedy by ejectment, and a recovery of the mesne profits. But the verdict having been given to the plaintiff, the result is the same as if the defence had been ruled out, and it is not for the defendants to complain of this error. The judgment is therefore affirmed.