J. W. BOOTH ET AL. v. G. B. PICKETT.

*(Case No. 4036.)*

1. PRACTICE — EVIDENCE — PLEADING.— The proper practice is to have the sufficiency of pleadings settled on demurrer before proceeding on the merits. Where objections to their sufficiency are raised for the first time on a question of evidence, the tendency is to confusion, uncertainty and delay, and such a practice should not be encouraged.

2. PLEADING IN SUITS TO REVIVE JUDGMENTS.— In a suit to revive a judgment formerly rendered in the same court, the same particularity is not required as to pleadings and relief prayed for that should be observed in the first suit.

ERROR from Wise. Tried below before the Hon. A. J. Hood.

G. B. Pickett brought suit against J. W. Booth, G. P. Jones and L. A. F. Jones, in the district court of Wise county, to revive a judgment by *scire facias* against them. He alleged that on the 16th day of April, 1875, he recovered a judgment against them for $656.26, and attached a copy thereof to his

petition, referring to the same. From an inspection of that copy, as it appeared in the statement of facts, it appeared that the judgment sought to be revived had been rendered in Wise county by the same court. The petition alleged that the judgment had become dormant, except the sum of $450.' *Scire facias* was prayed for to revive the judgment, for execution and general relief. The petition did not describe the judgment sought to be revived otherwise than by the copy thereof attached to it. On November 10, 1879, plaintiffs in error filed their answer, in which they demur generally, and excepted specially to the petition, on the ground that the district court had no jurisdiction, and file general denial, etc. The exceptions were overruled, except as to an item of $35, and the case being tried without a jury, judgment was rendered for Pickett for the amount claimed, less $35, and a vendor's lien on property described, foreclosed, as was done in the original judgment, though not specifically prayed for in this action.

*Newton & Crane* for plaintiffs in error.

I. Unless the petition asks the foreclosure of a lien or comes within some other exception of the statute, all suits under five hundred dollars and over two hundred dollars must be brought in the county court. Petition should show on its face sufficient facts to fix the jurisdiction of the court in which the proceeding is pending, and there being no allegation showing a valid subsisting lien, no proof could be offered regarding it, and no decree foreclosing such lien. (Texas Pleading, p. 62, and cases there cited.)

II. The allegations in the petition are insufficient to admit the proof offered by the defendant in error and the objection should have been sustained. We concede that where an instrument sued on is attached as an exhibit, there can be no variance simply because the petition misdescribes the instrument; but in this case the copy of the judgment attached as an exhibit does not show in what court, county or state the same was rendered, and those facts should have been

supplied by the petition, and not being so supplied, there is nothing to show what judgment is sought to be revived. Forbes *v.* Moore, 32 Tex., 197; Holman *v.* Criswell, 13 Tex., 42; Thompson *v.* Eanes, 32 Tex., 194; Whitlock *v.* Castro, 22 Tex., 108; Yale *v.* Ward, 30 Tex., 19; Moody *v.* Benge, 28 Tex., 547; Colbertson *v.* Beeson, 30 Tex., 76; Frazier v. Todd, 4 Tex., 461; Malone *v.* Craig, 22 Tex., 609; Fortune *v.* Kerr, 25 Tex. Sup., 310.

III. The judgment as entered of record in this case decrees the foreclosure of a vendor's lien and the sale of property described in "said judgment of the 16th day of April, 1875," which is error because the petition does not ask for the foreclosure of a vendor's lien or the sale of that or any other lands.

*C. C. Potter* for defendant in error.

I. The error alleged in plaintiffs' first assignment should not be considered because no assignment of error was filed in the court below, and because plaintiffs in error do not show in their brief that such an error was committed; in fact there was no ruling in the court below on the demurrer of the defendants in error.

II. There was no ruling asked on special exceptions of plaintiffs in error.

III. A copy of the judgment, a revival of which was sought, was attached to the petition and made a part of it, and this copy shows that the original judgment was a judgment foreclosing vendor's lien.

BONNER, ASSOCIATE JUSTICE.— The first and second assigned errors relate to the alleged error of the court in not sustaining the demurrers of defendants below, Booth *et al.*, to the pleadings of Pickett, plaintiff below.

We do not find these assigned errors to be sustained by the record.

A jury having been waived, the cause, both upon the issues

439.]          BOOTH v. PICKETT.                    439

Opinion of the court.

of law and fact, was submitted to the court, and judgment generally was rendered for plaintiff Pickett.

The defendants did not demand, as they had the right to do, that a distinct judgment should have been rendered upon their demurrers, and as it appears from the statement of facts that the judgment sought to be revived was a former judgment of the same court, it is evident that the court below had jurisdiction.

The third assigned error is, that the court erred in overruling the defendant's objection to the introduction of the judgment in evidence, as shown by bill of exceptions number one.

This bill of exceptions is to the effect that the defendants objected to the introduction in evidence of the judgment sought to be revived, on the ground that it was not sufficiently described in the pleadings of plaintiff, in not stating the court or county in which rendered, or that it was rendered by any court having jurisdiction.

This want of certainty would have been cured by verdict and judgment, and hence the objection was virtually an effort to raise on the introduction of testimony, a question which should have been made and decided on demurrer to pleadings.

Doubtless counsel for defendants were induced to take this course by reason of the liberal practice indulged when the case is submitted upon both the law and the facts to the judge presiding.

In all cases, however, it is the better practice to have the question of the sufficiency of the pleadings settled by demurrer before the parties proceed to trial upon the merits. If not thus determined, but reserved to be made on objection to testimony, the parties may be induced to proceed upon informal pleadings to trial upon the merits, after which it would be too late to amend. Such practice would lead to confusion, uncertainty, delay and probable hardship, and should not be encouraged. Powers v. Caldwell, 25 Tex., 352; Williams v. Bailes, 9 Tex., 62; Carter v. Roland (recently decided).

The fourth assigned error is, that the judgment as entered

of record in this case decrees the foreclosure of a vendor's lien and the sale of property described in "said judgment of the 16th day of April, 1875," which is error because the petition does not ask for the foreclosure of a vendor's lien or the sale of that or any other lands.

The object of this suit was to revive by *scire facias* a former judgment of the same court, in which it was adjudged that plaintiff Pickett recover his debt and have enforcement of his lien.

In a suit like the present there is not the same particularity required as to the pleadings and relief prayed for in regard to the original demand as was in the first suit, or would be, perhaps, had this suit been in debt on the first judgment instead of *scire facias* to revive; and as we think the pleadings would have been good on general demurrer, and as a special demurrer was not interposed on this point and judgment demanded thereon, we do not think this assigned error well taken.

The revival of the judgment for the debt was also a revival for the enforcement of the lien, as an incident.

JUDGMENT AFFIRMED.

[Opinion delivered June 15, 1880.]