## E. M. TILLMAN ET AL. v. J. P. FLETCHER.

### No. 3221.

1. **Continuance—Incompetent Witness.**—In connection with an application for continuance on its face sufficient, the record showed that the witness desired in the application was a convict in the penitentiary. *Held,* the continuance was properly refused.

2. **Pleading — Allegation of Ownership.** — In an action for the value of 1172 bushels of corn it was alleged that "the corn was taken from this plaintiff and held," and "that at the time said levy was made as above stated the said sheriff and the said agent of said Tillman were well advised of the fact that said corn was the property of this plaintiff, and that they knew that it did not belong to said Maples [the defendant in the attachment], and they knew that it was the property of this plaintiff. Nevertheless they," etc., "seized and withhold said property from this plaintiff." There was no exception taken to the allegation of ownership. *Held:*

1. The allegation, though defective, was sufficient as basis for the introduction of testimony of ownership.

2. A motion for arrest of judgment would not reach the defective allegation.

3. **Practice--Defective Pleading.**—Where a plea is defective but not wholly insufficient, it is not proper to take advantage of such defect by objecting to evidence in support of it.

4. **Conflicting Testimony.**—See conflicting testimony, but not such as to unsettle the action of the jury upon it.

Error from Hunt.   Tried below before Hon. B. F. Looney, Special District Judge.

The opinion gives a sufficient statement.

*Grubbs & Hefner* and *Montrose & Toombs,* for plaintiffs in error.— 1. It is necessary in order to recover in this action to allege and prove ownership of the property and a right of possession at the time of the conversion, and a conversion by plaintiffs in error to their own use and benefit of the property without the consent of the owner.   1 Chit. Plead., pp. 153, 160, 164; Am. and Eng. Encyc. of Law, title "Conversion;" 2 Greenl. Ev., sec. 636.

2.   The court erred in overruling appellants' motion in arrest of judgment, because the plaintiff's petition was wholly insufficient to support a judgment, no ownership nor unlawful taking having been alleged.

*Mathews & Neyland,* for defendant in error.— 1. There was no error in the court overruling the objections of the plaintiffs in error to the testimony of defendant in error showing that he was the owner of the corn levied upon, because the petition charges that the corn was taken from him and that the plaintiffs in error well knew it to be his corn and not the corn of defendant in attachment, J. R. Maples.   Such a petition precludes any other idea than that the corn was plaintiff's, and is sufficiently certain and specific.

2.   The petition is good on general demurrer, and no special exception having been presented—or, for that matter, no exception of any kind having been presented—the objections made by appellants were properly overruled.   Wiebusch v. Taylor, 64 Texas, 53; 65 Texas, 201; 63 Texas, 312; 22 Texas, 349; 55 Texas, 560; 53 Texas, 439; 3 Texas, 210; 9 Texas, 62.

HOBBY, Judge.—This is an action brought by J. P. Fletcher against E. M. Tillman and S. J. Mason, the sheriff of Hunt County, to recover the value of 1172 bushels of corn alleged to have been wrongfully seized by said sheriff under the direction of said Tillman's agent, by virtue of a writ of attachment issued out of the District Court of Dallas County in favor of said Tillman against one J. R. Maples.   It is alleged that the corn was taken "from this plaintiff and held subject to the suit of said Tillman."   That the value of the corn was $586, which sum the plaintiff was damaged.   The petition contains the following averment also: "That at the time said levy was made as above stated the said sheriff and the said agent of said Tillman were well advised of the fact that said corn was the property of this plaintiff and that it did not belong to said Maples, and they knew that it was the property of this plaintiff.   Nevertheless they," etc., "seized and withhold said property from this plaintiff," etc.

There was a verdict and judgment for the plaintiff below, J. P. Fletcher,

for the sum of $562.75.   This writ of error is prosecuted by E. M. Tillman, defendant in the lower court.

The first error assigned has reference to the court's action in overruling the defendants' application for a continuance.

The continuance was asked for on the ground of the absence of the witness James Terry.   The facts expected to be proved by him were set forth, as was also the diligence used to procure his testimony, both of which seem to be regarded as sufficient.

But it is disclosed by the record that this witness had been convicted of a felony and sentenced to the penitentiary.   This fact was admitted by the defendant below, and the effect of the explanation made by the judge was that no proof would be offered to remove his disqualification as a witness resulting therefrom.   It appears from this that if the witness Terry had been in court he would not have been competent to testify in the case.   Such being his status, nothing could have been accomplished by a continuance of the cause.   His conviction of a felony constituted that legal infamy which rendered him incompetent as a witness.   Webster v. Mann, 56 Texas, 123; 1 Greenl. Ev., 372, 373.

The application further stated that the defendant expected to prove by the witness Jandrew, another witness, that it was generally known by farmers and those who sold the corn mentioned in plaintiff's petition "that it was bought by J. R. Maples."   No diligence whatever is shown as to this witness, and had there been all that the statute required, the testimony would in this case have been inadmissible.   There was no error in overruling the motion for a continuance.

It is claimed that the court erred in admitting the testimony of the plaintiff, J. P. Fletcher, as to his ownership of the property, because there was no sufficient averment of ownership in the petition to authorize the introduction of such evidence.

No exception to the averment of ownership in the petition was called to the attention of or acted on by the court.   Under the general allegation of ownership proof thereof was admissible.   The allegation of ownership is unquestionably meagre and general.   No exception, however, was taken by the defendant to its sufficiency in law.   It was a fact necessary to enable the plaintiff below to maintain his action, and whatever advantage the defendant desired to take of the defect in stating this fact should have been done by an exception to the allegation.   This would have resulted either in adjudging the petition insufficient or in an amendment removing the objection to it.   Had such an exception been taken in the court below and overruled, a different question would have been presented for our consideration.   But where the fact is truly though defectively stated, and there was no exception to the allegation, evidence competent to establish it should not be excluded because the manner of stating it would have been subject to an exception.   Such is the rule an-

nounced in a leading case on that subject in our State.    Wells v. Fairbanks, 5 Texas, 585.

Where a plea is defective but not wholly insufficient, it is not the proper mode of taking advantage of such defect by objecting to evidence in support of it.    It should be by exceptions pointing out specifically the defect. Holliman v. Rogers, 6 Texas, 95.    See also Booth v. Pickett, 53 Texas, 439.

The fifth assignment is that the verdict is contrary to the law and the evidence, because there was no proof that the plaintiff was the owner of the corn levied on, nor was there any valid legal attachment issued from any court and levied on the property.

It appears from an agreement in writing filed in this court on November 5, 1890, by counsel for plaintiffs and defendant in error, that a writ of attachment was issued from the District Court of Dallas County in favor of E. M. Tillman against J. R. Maples; that the return of the officer showed the seizure thereunder of the corn; and also that a judgment had been rendered in said case against said Maples in favor of Tillman.    It is proper to remark in this connection that this agreement was made under the impression that the statement of facts did not sufficiently show the introduction of this evidence.

The plaintiff below, Fletcher, testified that he owned the corn; that it was stored in the crib of his brother, I. R. Maples; that he notified the deputy sheriff prior to the levy that the corn belonged to him.    The corn was sold under this levy, and Fletcher received nothing in payment for it.

There was other testimony to the effect that the plaintiff, Fletcher, was present at the levy of the writ, saw it levied, and was called upon to witness the seizure of the property by the sheriff, and that he made no claim then to the same.

Although it can not be said that the last mentioned facts were in harmony with his assertion of ownership, and it may be said that they were circumstances certainly sufficient had the jury so found to have supported a verdict against his claim, still we would not feel authorized under well established rules which obtain in cases of this character to hold that his failure to claim the property at the time of the levy necessarily destroyed the force of his testimony to the effect that the property belonged to him. It was a question of fact peculiarly within the province of the jury to decide.    It was determined by them in favor of the plaintiff below, and we can not say that there was error in this.

There being no error in the judgment it is affirmed.

*Affirmed.*

Adopted December 2, 1890.