# Roden *v.* Jasper Town & Lands, Limited.

## *Proceedings to Dissolve a Corporation.*

1. *Appointment of receiver upon dissolution; right of creditor to appeal from decree making appointment.*—Where, in a proceeding instituted in a chancery court to dissolve a corporation under the statute, (Code of 1896, § 1291), a receiver is appointed, a creditor of the corporation, after the decree of dissolution, who files a petition in the cause for an order requiring the payment of his debts, but who does not make himself a party to the record, can not appeal from the order of the court appointing the receiver.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The facts of this case are sufficiently stated in the opinion. On the appeal prosecuted by the appellant, he assigns as error, 1st, "The court below erred in the decree appointing a receiver in this case." 2d, "The court erred in not sustaining appellant's objection to

[Roden v. Jasper Town and Lands, Limited.]

appointment of J. H. Bartlett as receiver in this case."

After the appeal to this court, the appellees moved the court to dismiss the appeal upon the grounds: 1st. That the appellant was and is no party to the original suit. 2d. That the appellant was and is not party to the decree appealed from. 3d. Because the appellant is neither a party to this cause, nor does he occupy any relation of privity to any party in this suit, and, therefore, has no appealable interest in this cause. The appellees also moved to strike from the file the assignments of error made by the appellants on the same grounds that the motion to dismiss the appeal was based. The cause was submitted on the merits and on these two motions.

R. H. PEARSON, for appellant.

R. H. THACH and COLEMAN & BANKHEAD, *contra.*— The record in this cause shows that B. F. Roden was not a party to the cause, nor privy to any party thereto. Section 426 of the Code of 1896, does not allow an appeal except by a party, or his personal representative.—*Dorsey v. Sibert,* 93 Ala. 312.

Persons not made parties to the suit below can not be permitted to bring a cause to this court by appeal, nor will they be permitted after the cause is brought here to assign errors as parties to the record. If such errors are assigned, they will be stricken out on motion of appellee.—*May v. Courtney,* 47 Ala. 185; *Reese v. Nolen,* 99 Ala. 203; *Hunt v. Houtz,* 62 Ala. 36; 2 Amer. & Eng. Plead & Practice, 151; *Hill v. Hill,* 6 Ala. 168; *Roberts v. Taylor,* 4 Port. 421; *Harrison v. Marshall* 6 Port. 66; *Price v. Talley,* 18 Ala. 24.

TYSON, J.—This cause originated in the chancery court upon the filing of a petition by appellees, who were the owners of all the stock of the Corona Coal & Coke Company, a private corporation organized under general incorporation laws, except one share, which was owned by Davidson, the sole respondent, for the purpose of dissolving the corporation under section 1291 of the

Code of 1896. The proceeding appears in all respects regular and in strict compliance with sections 1291 *et seq.* After the rendition of the decree by the chancellor dissolving the corporation, in which it was ordered that the person who shall be nominated by the majority of the stockholders of said corporation, when so nominated, shall be appointed receiver of all the property and assets of said corporation provided such nomination be made in ten days, and after a nomination was made by a majority of the stockholders, within the time prescribed, of J. H. Bartlett as a suitable person to be appointed receiver and a certified copy of the minutes of the meeting of the stockholders showing the nomination, was filed in the cause, appellant filed a petition in which he averred that the corporation was indebted to him in the sum of $7,844.75 in such manner as to entitle him to have an order made, requiring Bartlett, who was receiver of this corporation, in a proceeding pending in Walker chancery court, to pay over to him this money which belonged to him.

On the day that appellant's petition was filed a decree was entered, reciting that it appearing that on the 10th day of August last, the parties to this suit filed in this cause an instrument in writing showing the nomination of Bartlett as a suitable person to be appointed receiver by a majority of the stockholders of the Corona Coal & Coke Company, and it further appearing that he was, within the ten days as prescribed in the decree dissolving the corporation, nominated receiver by a majority of the stockholders of said corporation, and adjudging that said nomination so made be ratified and confirmed.

It does not appear that any order or decree was ever made with reference to the petition of appellant, or that he ever made any objection to the appointment or ratification or confirmation of the nomination of Bartlett as receiver. It is true that the record contains several affidavits filed in the cause on the same day the decree last above referred to was entered tending to establish that Bartlett was an unsuitable person to be appointed. But it nowhere appears by whom they are filed, or that they were ever called to the attention of the chancellor; nor

[Roden v. Jasper Town and Lands, Limited.]

is there anything in the record, in the remotest degree, prior to the decree rendered confirming Bartlett's nomination, tending to connect the appellant with the filing of these affidavits as objections to his appointment. On the contrary, the logical inference to be drawn from the language contained in the petition, is that Bartlett's confirmation would be satisfactory to him. Again, it will be observed, that in this petition, appellant does not request to be made a party to the cause or signify in any way his desire to intervene for the purpose of becoming a party in order to object or contest any order or decree of the court made or to be made with reference to the appointment of Bartlett or his confirmation. At most, his purpose seems to have been to have the court direct its receiver to pay him the sum he claimed of the corporation as a trust fund in the hands of said receiver.

The only other paper filed by appellant in the cause was a petition, filed nearly thirty days after the rendition of the decree confirming Bartlett's nomination, reciting that as a creditor of the corporation having a lien upon the property of the said corporation for the payment of his claim, he, before the decree appointing Bartlett receiver was made, filed his said claim, and praying an appeal to this court from the order appointing the receiver, and to fix the amount of a *supersedeas* bond. The chancellor declined to set a bond for a *supersedeas*. Whether or not appellant could have, by proper petition, intervened and made himself a party to the record for the purpose of contesting the appointment of Bartlett as receiver is not a question presented by this record for our consideration.

It is obvious from what we have stated that he did not do so, and therefore he cannot prosecute an appeal to this court.—Code, 1896, § 426; *Reese v. Nolan* 99 Ala. 203, and authorities therein cited.

It follows that the motion to dismiss this appeal must be granted.

Appeal dismissed.