[Civil No. 872.   Filed March 30, 1905.]

[80 Pac. 331.]

## JOHN P. SCORE, Plaintiff and Appellant, v. N. L. GRIFFIN, Defendant and Appellee.

1. Mines and Mining—Mining Claim—Relocation—Abandoned Claim —Location Notice—Insufficiency—Rev. Stats. Ariz. 1901, par. 3241, Construed—Cunningham v. Pirrung, ante, p. 288, 80 Pac. 329, Followed.—Where a prior location was valid, it was a bar to the subsequent location by plaintiff, unless the latter was made as a relocation of abandoned or forfeited ground, and in that event the location certificate was insufficient to support such location, as it did not state ''if the whole or any part of the new location is located as abandoned property.''

2. SAME—LOCATION—DISCOVERY OF VEIN—REV. STATS. U. S., SEC. 2320, CONSTRUED.—Where a location of a mining claim was made in 1894, evidence that there was gold and silver rock upon the claim was sufficient to show the existence of the vein or lode and a compliance with the requirements of the statute, *supra,* providing that no location shall be made "until the discovery of the vein or lode within the limits of the claim located," such compliance being all that was necessary in 1894, the statute now in force in Arizona relating to the discovery of mineral not having then been enacted.

3. APPEAL AND ERROR—FINDING OF FACT—PRESUMPTION—SUPPORTED BY EVIDENCE—EVIDENCE NOT PRESERVED IN RECORD.—Where the evidence has not been preserved in the record, it will be presumed on appeal that it was sufficient to support a finding of fact.

4. EVIDENCE—LOCATION NOTICE—CERTIFIED COPY.—REV. STATS. ARIZ. 1901, PAR. 1150, CONSTRUED.—A certified copy of a duly recorded location notice is to be received in evidence with like effect as if the original had been produced, under the statute, *supra.*

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Richard E. Sloan, Judge. Affirmed.

See opinion on rehearing, *post,* p. 347.

The facts are stated in the opinion.

Robert E. Morrison, for Appellant.

The location of a mining claim is of no validity until a discovery of ore is made within the lines of such claim. *McPherson* v. *Julius,* 17 S. Dak. 98, 95 N. W. 428.

The record and the marking are not sufficient to authorize the court to presume a discovery. *Smith* v. *Newell,* 86 Fed. 56; *King* v. *Amy and Silversmith M. Co.,* 152 U. S. 222, 14 Sup. Ct. 510, 38 L. Ed. 419; *Shoshone M. Co.* v. *Rudder,* 87 Fed. 807, 31 C. C. A. 223; *Toulumne Cons. M. Co.* v. *Maier,* 134 Cal. 583, 66 Pac. 863; *Ehrhardt* v. *Boaro,* 113 U. S. 535, 28 L. Ed. 1113, 5 Sup. Ct. 565; *North Noonday M. Co.* v. *Orient M. Co.,* 1 Fed. 522; *Jupiter M. Co.* v. *Bodie Cons. M. Co.,* 11 Fed. 666, 7 Saw. 96; *Perigo* v. *Erwin,* 85 Fed. 904; *Oliver Land etc. Co.* v. *Olmsted,* 103 Fed. 568-572.

Herndon & Norris, for Appellee.

KENT, C. J.—The complaint in this adverse suit alleges, substantially, that the plaintiff (the appellant herein), a citizen of the United States, is the owner and entitled to the possession of a certain mining claim located by him in 1902, such ground being then unappropriated mineral land of the United States, and sets forth the performance by the plaintiff of the acts necessary to be performed to make such location valid under the law. It alleges that the defendant, under claim of ownership of a part of the ground, made application for patent based on a pretended location in 1894, but alleges that such location was null and void, for the reason that the ground was not located in accordance with the provisions of law, and further alleges that after such pretended location the annual assessment work was not performed by the defendant. It sets forth the filing of the adverse by the plaintiff within the proper time, and prays judgment that the plaintiff be decreed to be entitled to the possession of the parcel claimed by the defendant. The answer, after a general denial, sets forth facts showing that the defendant duly located the ground in dispute in 1894, and duly performed the acts required to make such location a valid one, and thereafter performed each year the necessary assessment work, and alleges that the ground was not open to location at the time of the pretended location of the plaintiff, and that such location was void, and that the defendant is the owner and entitled to the possession of the land for which he has applied for patent, and prays judgment that the defendant's title to the land be decreed to be a good and valid title. Upon the trial the plaintiff offered no proof of the failure of the defendant to perform the necessary assessment work on the claim, nor any proof that the prior location was invalid, but introduced evidence to show that the plaintiff had taken the steps necessary to make a valid location of unverified mineral land, if unappropriated, and offered in evidence his location certificate, which was received subject to the defendant's objection to its competency; the ground of the objection being that the certificate did not contain a statement that the ground was located, in whole or in part, as abandoned property, as required by the statute. The defendant introduced evidence to show the steps taken by him in locating the ground in 1894. After the testimony was all in, the court rendered a decision

sustaining the objection of the defendant to the admission of the location notice of the plaintiff, on the ground that it failed to state if the whole or any part of the ground located by the plaintiff was located as abandoned property, and was therefore void. The court thereupon made its findings, setting forth that the defendant had located the property in 1894, and stating in detail that the defendant had performed the necessary acts to make such location valid, had entered into possession, and had made application for patent; that the plaintiff had filed his adverse and brought this suit within the proper time, under the claim as set forth in the complaint: and that the location notice of the plaintiff failed to state that any part of the claim was located as abandoned property, although the plaintiff knew the same was a part of the defendant's claim—and, as conclusions of law, found that the acts of the plaintiff in undertaking to locate the ground included in the defendant's claim were void, that the notice of location was void for the reasons stated; that the plaintiff was not entitled to recover, and that the defendant was entitled to the alleged conflict, and to a decree establishing his right to possession and ownership of the ground. Judgment was entered accordingly, and the plaintiff has appealed.

This appeal raises substantially the same questions which we have just passed upon in the case of *Cunningham* v. *Pirrung, ante,* p. 288, 80 Pac. 329. In the case before us the court heard all the testimony of both parties, and from it found that the prior location of the defendant was a valid one. Such prior location being a valid location, it was a bar to the subsequent location of the plaintiff, unless the latter was made as a relocation of abandoned or forfeited ground. It was not claimed on the trial that the location of the plaintiff was made as a relocation of abandoned ground, and, if so claimed, the location certificate was not sufficient to support such a location, as it did not contain the requirement of the statute. The court, therefore, under the facts as it found them, was right in rendering judgment against the plaintiff and in favor of the defendant.

It is further urged by the appellant that the evidence does not support the finding of the court that the defendant had made a valid prior location, and that affirmative judgment for the defendant should not have been rendered. The contention

is that the evidence does not show, as found by the court, that a proper location monument was erected by the defendant, or that the defendant entered upon the public mineral lands and discovered mineral thereon, or prepared a proper written notice of location in duplicate, one of which he placed in the location monument, and the other he filed and recorded in the recorder's office in Yavapai County. An examination of the transcript of the evidence filed in the case shows that the defendant testified that he rebuilt the monument in question, and other witnesses testified to finding the location notice in the monument. It appears from the testimony of the plaintiff that, when the claim was located by him, there was gold- and silver-bearing rock showing upon the surface of the claim, or, as stated by a witness, the ledge "cropped out." We think this testimony was sufficient, taken in connection with the other evidence, to show an existence of the vein or lode at the time of the defendant's location, and a compliance with the requirements of the federal statute, which provides merely that no location shall be made "until the discovery of the vein or lode within the limits of the claim located." A compliance with this statute at the time of the location by the defendant, in 1894, was all that was necessary, since the statute now in force in Arizona relating to the discovery of mineral had not then been enacted.

From the record before us, we are unable to determine whether the appellant is right in his contention that no proper location notice was filed and recorded by the defendant in the recorder's office in Yavapai County. The record shows that the application of the defendant for patent of the claim, and the papers filed by him in the land-office in connection therewith, were introduced in evidence. These papers, however, have not been incorporated in the record, nor have the originals been sent to this court with the other papers in the case. We might, perhaps, take judicial notice of the fact that upon an application for patent it is necessary for the applicant to file a certified copy of the location notice as recorded, and we might properly presume from the introduction of such papers in evidence that such certified copy of the location notice was before the trial court, and that upon it the court based its specific finding in regard to the location notice, and the date of the filing thereof in the proper recorder's office. Such a

paper so recorded is by our statute to be received in evidence with like effect as if the original had been produced. Rev. Stats. 1901, par. 1150. As the appellant, however, has omitted to preserve the evidence in this regard, and as it is not before us, we must assume, in any event, that this evidence was sufficient to sustain the finding of the court that a proper location notice has been duly filed and recorded.

The judgment of the district court is affirmed.

DOAN, J., and DAVIS, J., concur.