KELVIN LUMBER & SUPPLY CO. et al. v.
COPPER STATE MINING CO.
(No. 810.)

(Court of Civil Appeals of Texas. El Paso. March 14, 1918. On Rehearing, April 19, 1918. Rehearing Denied May 9, 1918.)

1. MINES AND MINERALS ☞51(3)—CONVERSION OF ORE—PLEADING—CAUSE OF ACTION.

Allegations of a mining company's petition for the conversion of ore that defendants, without its knowledge and consent, entered upon its claim and extracted ore therefrom, and delivered the ore to defendant lumber company to be shipped to the smelter, and that neither of defendants owned or had any right, title, interest, or claim to the ore, were sufficient on general demurrer to be the basis of a cause of action.

2. MINES AND MINERALS ☞51(3)—CONVERSION OF ORE—PLEADING—ALLEGATION OF OWNERSHIP.

In such action, the allegation that plaintiff mining company was the owner of a named claim in Arizona, and that defendants entered upon "the" claim and extracted ores therefrom, was meager as to the ownership of plaintiff, and, if it had been especially excepted to, the exception should have been sustained and plaintiff required to amend.

3. APPEAL AND ERROR ☞80(1) — JUDGMENT ☞622(1)—RES JUDICATA—SET-OFF.

If a set-off is presented by defendant in his pleadings, and attempted to be supported, whether allowed or disallowed it will become res judicata, being settled by the judgment as conclusively when it does not appear to have been allowed as though there were an express finding against it; and hence judgment for plaintiff for less than claimed, though not finding as to set-off, is a final appealable judgment.

4. MINES AND MINERALS ☞48—ORE AS PERSONALTY—EXTRACTION.

Ore, after its extraction from a mining claim, becomes personal property.

5. ESTOPPEL ☞70(1) — ESTOPPEL IN PAIS — OWNERSHIP OF PROPERTY.

Where the owner of property, or one having a right to its possession, permits another,

who has no right to it, to take it, he does not, by his mere silence, lose his right to the property.

6. APPEAL AND ERROR ☞931(3) — REVIEW — PRESUMPTIONS FAVORING COURT BELOW—FINDING.

Where there is evidence justifying such finding, it will be presumed on appeal that the trial court found the facts to be in favor of the judgment.

7. MINES AND MINERALS ☞26—LOCATION OF CLAIM—ATTEMPTED RELOCATION.

Where a mining company and its grantors are holding a claim under valid location by their vendors, and have done the annual assessment work, an attempted relocation of the claim by others is void, actual possession under such void location availing them nothing.

8. MINES AND MINERALS ☞51(3, 5) — CONVERSION OF ORE—RECOVERY OF EXPENSES—ABSENCE OF PLEADING AND PROOF.

In an action for the conversion of ore, in the absence of pleading and evidence as to the cost of shipping the ore or the charge for smelting, defendant lumber company cannot get judgment for such items, and the converters of the ore who shipped to the lumber company, being trespassers, are not entitled to recover expenses.

9. EVIDENCE ☞186(6)—EVIDENCE—DEED EXECUTED AFTER SUIT BROUGHT.

In an action for the conversion of ore, a deed executed after suit was brought, and showing on its face that it was executed in lieu of a prior deed which had been lost, was admissible in support of the evidence that plaintiff's purchase of the mining claim had been made prior to any attempted relocation by defendants.

On Rehearing.

10. COURTS ☞7 — LOCAL OR TRANSITORY — CONVERSION OF ORE.

Action by a mining company for the value of ores from its alleged claim converted by individuals and a lumber company, if defendants were in adverse peaceable possession of the claim or property at the time of taking the ore, will not lie in a foreign state or jurisdiction, the title to the realty being directly in issue between the parties, and it being the policy of the law that such direct issue be tried in the local court.

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Action by the Copper State Mining Company against the Kelvin Lumber & Supply Company and others. From a judgment for plaintiff, defendants appeal. Action ordered dismissed.

Davis, Goggin & Harrington and R. M. Reed, all of El Paso, and C. H. Studley, of Hayden, Ariz., for appellants. F. E. Hunter and McKenzie & Loomis, all of El Paso, and Jno. B. Wright, of Tucson, Ariz., for appellee.

HARPER, C. J. The Copper State Mining Company brought this suit in El Paso county, Tex., against the Kelvin Lumber Company, and H. E. Kidder and F. Burns, for certain ore, or the sum of $2,500, the alleged value of said ores taken from a mining claim in the state of Arizona by said Kidder and Burns, and sued out writ of garnishment against the Consolidated Kansas City Smelting & Refining Company of El Paso, Tex., and the latter answered that it owed the appellant $1,710.

---

For cause of action plaintiff alleged "that it is the owner of the 'Rough Rider' mining claim in Arizona; that defendants Kidder and Burns, without its knowledge or consent, entered upon the claim and extracted ores therefrom, and delivered same to the Kelvin Lumber Company to be shipped to the smelter of El Paso; that neither of the parties named owned or had any right, title, or interest in or to the claim or the ores;" prayed judgment for the ore or its value.

Kidder and Burns answered by general demurrer and general denial. The Kelvin Lumber Company, appellant, answered by general demurrer and general denial, and specially that about October 1, 1916, Kidder and Burns sold said ore to it for value; that it shipped it to the Smelter Company, by reason of which said Smelter Company became indebted to it for the value thereof; that by reason of the garnishment it was prevented from collecting its value, to wit, $1,710, and was deprived of the use of same, to its damage in the sum of $57; that it had purchased the ore in good faith, without notice of any claim or right of plaintiff thereto; that plaintiff had no right to it; that Kidder and Burns were in peaceable possession of the ore, and in actual possession of the mining claim; and plaintiff made no objection to the ore being taken out, and being sold and delivered to it; it therefore is estopped from making any claim thereto.

Trial before the court without jury, and judgment entered for $1,493, from which this appeal.

The trial court filed the following findings of fact and conclusions of law:

"(1) The court finds that the plaintiff company, the Copper State Mining Company, and its grantors, had located in due form of law a mining claim known as the 'Rough Rider' mining claim, situated in the Bunker Hill mining district, Graham county, state of Arizona, and that the plaintiff company in the form of law performed the annual assessment work upon the said claim for the year 1915.

"(2) That the defendants H. E. Kidder and F. Burns attempted to relocate the said Rough Rider mining claim in August, 1916; that the ore in question was taken from the Rough Rider claim by said Kidder and Burns after their attempted relocation of said claim.

"(3) That the defendant Kelvin Lumber & Supply Company in good faith advanced money and credits to said Kidder and Burns for prosecuting development work on their attempted relocation, and for the purpose of assisting them in the extraction of ores therefrom.

"(4) That the ore in question is of the value of fourteen hundred and ninety-three dollars ($1,493.00).

"Conclusion of Law.

"And the court finds as his conclusion of law:

"(1) That the attempted relocation of the said H. E. Kidder and F. Burns was void and of no effect, and that they were trespassers upon said property.

"(2) That the better right to said mining property, the Rough Rider, is in plaintiff.

"(3) That the ore in question is the property of plaintiff, and plaintiff is entitled to the recovery of the same, or its value to the amount of fourteen hundred and ninety-three dollars ($1,493.00)."

The first and second assignments are that the plaintiff's petition is subject to the general demurrer, because it is nowhere alleged therein that the appellee, or those under whom it claims, had any right or title to the mining claim from which the ore was taken, at the time it was taken, or at any time prior to the filing of the suit.

[1] The allegations in the petition quoted above were sufficient, upon general demurrer, to be the basis of cause of action for conversion of personal property. Rains v. Herring, 68 Tex. 472, 5 S. W. 369; Tillman v. Fletcher, 78 Tex. 675, 15 S. W. 161; Towne's Texas Pleading, pp. 389 and 390; Chapman v. Witherspoon, 192 S. W. 281.

[2] The statement that plaintiff is the owner is quite meager, and, if it had been especially excepted to, it should have been sustained, and plaintiff then required to amend, etc. Booth v. Pickett, 53 Tex. 439.

[3, 4] By the sixth it is asserted that because the court rendered judgment for $1,493 instead of $1,710, the total amount due from the smelter, and refused to render judgment for defendant, upon its cross-action for damages, for the difference, with interest thereon from the date the same was garnished, the judgment is not final. In Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161, the Supreme Court holds:

"There is no doubt that if a set-off is presented by defendant in his pleadings, and attempted to be supported, * * * it will, whether allowed or disallowed, become res adjudicata. It is settled by the judgment as conclusively, when it does not appear to have been allowed, as though there were an express finding against it."

There are many cases in this state holding to the contrary, but this is the latest expression from the Supreme Court, and is therefore conclusive upon the question. It is suggested upon argument, not specifically by assignment in the brief, that because by plaintiff's petition and proof it conclusively appears that its right to recover is dependent upon proof of title to the land from which the ore was taken in Arizona, that this is not a transitory cause of action which may be brought in this state, but that the state in which the land lies has exclusive jurisdiction.

The petition contains the averment that plaintiff is the owner of the mine, but the facts show that judgment was asked, not for the trespass upon the lands, but for the ore, or its value. The ore, after it was extracted, became personal property (Hodges v. Hunter Co., 61 Fla. 280, 54 South. 811, 34 L. R. A. [N. S.] 994; see, also, note 26 L. R. A. [N. S.] 940; Missouri P. Ry. Co. v. Cullers, 81 Tex. 382, 17 S. W. 19, 13 L. R. A. 542), and suit therefore may be maintained in any state where found, or for its value wherein the property may be found or the court get service upon the parties.

However, it seems that there is no question of title to land. The title is in the govern-

ment. No patent has issued so far as this record discloses, so the respective right of the parties to take this ore from the claim rests upon the fact of whether a proper location has been made, and followed by annual assessments being made according to law, and the latter the trial court has found to have been done by appellees.

[5, 6] By the third assignment the question is raised, was appellant an innocent purchaser, and therefore entitled to recover, because it had purchased the ore in good faith, for a valuable consideration, without notice of any claim of appellee, and with his knowledge and consent; it was therefore estopped from claiming the ore. Where a party is the owner of property, or has the right to its possession, as has been found by the trial court in favor of appellee herein upon sufficient evidence, he does not by mere silence lose his right to it by permitting another, who has no right to it, to take it; but, of course, if the appellee gave its consent to the taking, or if it gave its consent to appellant lumber company to purchase the ore, or to make advancements to Kidder and Burns of cash upon the belief that the ore would not be taken away from it, then they might be estopped; but there is no finding by the trial court that appellee gave its consent to the taking, nor that appellee consented to the purchase or advance of money on the ore. None was requested, and, since we find evidence affirmatively disputing that such consent was given, it will be presumed that the trial court found the facts to be in favor of the judgment.

[7] The fourth assignment is:

"The court erred in rendering judgment for the plaintiff, and not for this defendant, for the reason that the evidence shows that the defendants H. E. Kidder and F. Burns went upon the mining claim, and extracted said ore therefrom under a claim of title, having made a regular location of said claim in conformity with the laws of Arizona, provided for in such cases, and was in the actual and peaceable possession of said claim when they extracted and sold said ore to this defendant; and, the title to said mining claim being in the United States government, said defendants had a better right, under such circumstances, to said ore, after they had extracted the same, than the plaintiff."

The trial court has found the fact to be that appellee and its grantors are holding under valid location by their vendors, and that the annual assessment work has been done by appellees. Therefore the attempted relocation by Kidder and Burns was void (Belk v. Meagher, 104 U. S. 279, 26 L. Ed. 735; Score v. Griffin, 9 Ariz. 295, 80 Pac. 331), and actual possession under a void location would not avail them.

[8] The fifth assignment:

"The court erred in rendering judgment for the plaintiff for the full value of the ore extracted from said mining claim, and not rendering judgment for this defendant for the costs it had expended and furnished to the defendants H. E. Kidder and F. Burns in extracting said ore from the claim, and shipping it to the El Paso smelter, and having it smelted and refined, which amounts are shown by the evidence, and for which amounts this defendant was entitled to judgment, even though plaintiff should have been entitled to judgment for the ore."

The answer is that there is neither pleading nor evidence as to the cost of shipping or charge for smelting; therefore appellant cannot here get judgment for such items, and Kidder and Burns, being trespassers, are not entitled to recover for expenses in taking out the ore.

[9] The seventh assigns error to the admission of a deed in evidence executed after this suit was brought. In this there was no error. It showed upon its face that it was executed in lieu of a prior deed, which had been lost, and so was admissible in support of the evidence that the purchase of the mining claim had been made prior to any attempted relocation by Kidder and Burns.

The eighth is disposed of by the observation next above.

Finding no error in the record, the cause is affirmed.

### On Rehearing.

[10] We have concluded that we were in error in the holding in the original opinion to the effect that this is a transitory cause of action, of which the courts of Texas will take jurisdiction. The pleading, the evidence, and the findings of the trial court conclusively show that plaintiff bottoms its cause of action upon its title to, or better right to possession of, the mining claim from which the ores in question were taken, and that Kidder and Burns were in peaceable and adverse possession of the claim under location made by them, after inquiry of plaintiff's superintendent whether his company claimed the property, and after being informed that the assessment work required by law had not been done. And it is admitted by plaintiff that its agents were expressly prohibited from trespassing upon the claim by Kidder and Burns.

The jurisdictional question here presented is not alone title to the claim, but is, were the persons charged with conversion of the ores in adverse peaceable possession of the claim or property at the time of the taking? If so, the action for its value will not lie in a foreign state or jurisdiction, because the title to the realty is directly in issue between the parties, and it is the policy of the law that such direct issue should be tried in the local court; in other words, where the property is situated. 34 Cyc. 1364; 24 A. & E. En. of L. 486; 28 A. & E. En. of L. 654; Wells on Replevin, § 82; Cobby on Replevin, §§ 274–5; Richbourg v. Rose, 53 Fla. 173, 44 South. 69, 125 Am. St. Rep. 1061, 12 Ann. Cas. 279; Powell v. Smith, 2 Watts (Pa.) 126; Harrison v. Hoff, 102 N. C. 126, 9 S. E. 638; Yoakum v. Davis, 162 Mo. App. 253, 144 S. W. 879; Wheeler v. Clark, 69 L. R. A. 732, note; Johnston v. Fish, 105 Cal. 420, 38 Pac. 979, 45 Am. St. Rep. 53; Anderson v. Hap-

ler, 34 Ill. 436, 85 Am. Dec. 318; Renick v. Boyd, 99 Pa. 555, 44 Am. Rep. 124; Brown v. Caldwell, 10 Serg. & R. (Pa.) 114, 13 Am. Dec. 665; Mather v. Trinity Church, 3 Serg. & R. (Pa.) 509, 8 Am. Dec. 663; Page v. Fowler, 28 Cal. 605; Pennybecker v. McDougal, 46 Cal. 661; Lehigh Zinc & Iron Co. v. New Jersey Zinc & Iron Co., 55 N. J. Law, 350, 26 Atl. 920; Id. (Err. & App.) 28 Atl. 79; Cooper v. Watson, 73 Ala. 255; Leatherwood v. Sullivan, 81 Ala. 464, 1 South. 718; Adler v. Prestwood, 122 Ala. 374, 24 South. 999; Brothers v. Hurdle, 32 N. C. 490, 51 Am. Dec. 400; Rathbone v. Boyd, 30 Kan. 485, 2 Pac. 664; Caldwell v. Custard, 7 Kan. 303; Barnhart v. Ford, 37 Kan. 520, 15 Pac. 542; Lehman v. Kellerman, 65 Pa. 489. The rule announced in the opinion applies to naked trespassers only.

Having concluded that the courts of Texas will not take jurisdiction of this action under the facts, it must be dismissed, and it is so ordered.