# S. P. McDole
### v.
# A. G. McDole.

*Real Property—Bill in Chancery—Tenant* Per Autre Vie*—Waste—Method of Estimating.*

1. Upon the case presented it is *held:* That the appellant was a tenant in possession *per autre vie,* and that he was liable to the owner of the inheritance for waste permitted.

2. Upon the question of the value of wood cut and sold from the premises, testimony of witnesses stating the amount of wood actually cut and sold outweighs that of witnesses estimating the value of the wood per acre.

[Opinion filed August 3, 1891.]

APPEAL from the Circuit Court of Kane County; the Hon. CHARLES KELLUM, Judge, presiding.

Messrs. BOTSFORD & WAYNE, for appellant.

Mr. CHARLES WHEATON, for appellee.

McDole v. McDole.

LACEY, P. J.  This was a bill in chancery in the Circuit Court by appellee against appellant, commenced on the 23d day of May, 1881, for an accounting and the removal of an incumbrance on certain real estate described in the bill of complaints.  It is alleged in the bill of complaints that on the 23d day of April, A. D. 1875, Rodney McDole, the father of the complainant and respondent, conveyed in fee simple to said parties 414 acres of land, situate in the county of Kane, partly as gift and partly as consideration of payments by each to their father of the sum of $4,000, which payments were evidenced by two certain promissory notes executed by each of them, payable to the order of said Rodney McDole two years after his death, with interest at six per cent, to commence one year after date of said Rodney McDole's death, and to secure the payments of said notes, the makers thereof executed a mortgage to the payee on the premises so conveyed to complainants and respondents; that afterward the complainants becoming indebted to the defendants on two promissory notes, one of $500 and the other of $350, gave to the defendant a quit-claim deed of his interest in said premises, but that said deed was not intended to be absolute, but only as a security for said indebtedness; that defendant at the same time gave to the complainant a written defeasance reciting the said indebtedness, and agreeing to reconvey the said premises on the payment of said sums represented in said notes with interest thereon at ten per cent; that at the time of the making of the deed of the farm from Rodney McDole to the complainant and defendant, April 23, 1875, it was by lease or obligation in writing, agreed that the defendant, S. P. McDole, should occupy and have the exclusive possession of the said farm during the lifetime of Rodney and one year after, if the wife of Rodney survived him, at an annual rental of $600, to be paid on or before April 22d of each year during this term, and then upon the death of Rodney as aforesaid, the said complainant should come into joint possession of the said premises, subject, however, to the payment of the said $4,000 note made by him.  The bill further claims that at the date of the deed from Rodney to the complainant and defendant,

there was a considerable quantity of standing timber on the said premises, some of which the defendant has since cut off and sold and appropriated to his own use, and the bill asks for an accounting from the defendant and the application of the proceeds from the wood sold on the indebtedness of the complainant.

The facts so far recited are not seriously questioned, but in so far as the bill states that the notes of $500 and $350 made to the defendant and the quit-claim deed do not bear the date of the transactions as actually had, and that as a part of the terms of the said lease the defendant was to make all the repairs and improvements on the farm at his own expense, and that there were large and valuable tracts of timber cut off of the farm by the defendant and sold, of more than sufficient value to pay said notes, these allegations are denied. The answer also sets up, among other things, that the defendant expended large sums of money in improvements and repairs on said premises, and that he should have the value of same allowed to him in the accounting. The answer denied the jurisdiction of the court in the premises, and set up the statute of frauds as to all the oral agreements in the bill. It also appears that on August 1, 1891, the defendant commenced an action on the common law side of the said court against the complainant to recover an alleged indebtedness from complainant to defendant, aside from that represented in the two notes, and in his bill of particulars makes the aggregate sum of such indebtedness $458.64. To this action the defendant appeared and pleaded the general issue, set-off, and statute of limitations. At the October term, 1881, by stipulation of the parties, this and the common law suit were consolidated, and at the February term, 1884, of the said court the cause was referred to the master to take proof, and on the 27th day of June the master's report was filed, stating the value of the wood cut and sold from the farm by defendant at $1,350, and the indebtedness of the complainant on the two notes and other accounts allowed by him at the sum of $1,253.45, making a balance to complainant from defendant of the sum of $96.55. The court, overruling all exceptions, found and

decreed the said two notes of $500 and $350 fully paid and a balance due from defendant of $96.55, and ordered defendant to deed to complainant the interest so conveyed by him to the defendant by deed of January 1, 1876, and pay the said $96.55 and costs of suit. The court, by its decree as to all questions covering improvements on the said lands, reserved the same as undetermined. On the first point made by the appellant, S. P. McDole, that he was not liable to account for the waste permitted by him on the premises in question, we hold against him. We hold that S. P. McDole was a tenant in possession during the life of Rodney McDole, and was a tenant *per autre vie.* Such a tenant in possession can commit waste as against the remainderman or owner of the inheritance. 1 Washb. on Real Prop., page 110, Marg. We will now consider the question in regard to the amount of the finding of the court below as to the waste committed, and as to this we think the court was in error. The evidence shows that the estimate of the witnesses as to the number of cords of wood per acre is too great, and the evidence by estimate is not of that reliable character as that of witnesses showing the actual amount cut and hauled away. The best evidence as to the amount of wood gotten from the place is that given by witnesses who personally knew what was actually taken, rather than the estimate of others as to what the land would yield, and such evidence should be taken in preference to mere guess-work of witnesses, however reliable as to impartiality. We think as to the value of the wood in the tree, as shown by the evidence, it would not be to exceed $2 to $2.25 per cord. If the hauling to the market was worth $2 per cord, and cutting without board eighty cents per cord, and the wood sold at $5 per cord, the value of the wood in the tree would not exceed $2.20. The estimate of the witnesses as to the amount of wood taken necessarily includes the posts that were cut, which, as a tenant in possession, appellant had a right to use for repairs. It also includes wood for firewood, which he had a right to use. This, we think, was not taken into account in the court's estimate, and shows its erroneousness. Taylor's Landlord and Tenant, Sec. 351,

and cases cited. The amount paid by appellant as a guarantor of lease for A. G. McDole's office rent of $105, the master should take into account, and on both sides all claims to the time of hearing. The bill of particulars can be amended as a basis of calculation. As to the proper mode of calculating what a tenant in possession has received see Moshier v. Norton, 100 Ill. 63, and 83 Ill. 524. The decree of the court below is reversed and the cause remanded, with directions to refer the cause to the master in chancery to take further proof if desired by either party, and to make the calculations on the evidence according to the views here announced upon the whole evidence as it may hereafter appear.

*Reversed and remanded with directions.*