74 201
77 640
174s 242

# Delia M. Gray, Elisha Gray, Charles W. Boynton and David Quigg v. John B. Robertson and Lyman M. Payne, Trustee.

1. WAIVER—*What is not, of Provisions in a Trust Deed.*—Where it is provided in a trust deed that if the legal holder of the notes secured by it should advance or expend any money to save the premises from sale for taxes or to redeem the same, that all moneys so expended should be a charge upon the premises, and be secured by said trust deed in the same manner as the principal sum, such provisions are not waived by the party expending money for such purposes, or granting an extension of time to the party in default.

2. SOLICITOR'S FEES—*When the Solicitor is a Party Complainant.*—The fact that a solicitor is named as trustee in a trust deed and is made a party complainant in a proceeding to foreclose the same, does not prevent the court from allowing him a fee as solicitor for his services in foreclosing it.

**Foreclosure of Trust Deed.**—Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

MILLARD & ABBEY, attorneys for appellants.

LYMAN M. PAINE, attorney for appellees.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This is an appeal from a decree of sale in a foreclosure proceeding brought by appellees against appellants, to foreclose a trust deed executed by appellants Delia M. Gray and Elisha Gray, her husband, to appellee Lyman M. Paine as trustee, to secure a certain note of $10,000, dated June 18, 1894, executed by the Grays to appellee John B. Robertson.

The trust deed contained the usual provisions as to payment of taxes and keeping the buildings on the property properly insured, and the third clause of the deed was as follows:

"The grantors further covenant and agree that if the party of the second part, or the legal holder of the said principal note, shall, as they are hereby authorized in their discretion to do, advance or expend any money, either for premiums for insurance, as aforesaid, or to save said premises from sale or forfeiture for taxes or assessments, or to redeem the same from such sale, or to purchase any tax titles thereon, or to remove any mechanics' lien or other liens or incumbrances thereon, or in defending any suits in relation thereto, or in any manner protecting the title or estate by this deed conveyed and warranted, or intended so to be, all moneys so advanced or expended shall be deemed a charge upon said premises, and shall be, and are hereby declared to be, secured by this deed in the same manner as the principal sum of money above mentioned is secured, and shall be repaid by the said grantors to the persons so advancing the same, on demand, and may be collected at any time after the same shall have been advanced or expended, with interest thereon at the rate of seven per cent per annum from the time the same shall be advanced or expended.

It is further agreed that in the case of failure to pay said note or interest thereon, or any part thereof, as and when the same shall become due, or in case of a breach of any of the agreements or covenants herein by the first party, then in that case, the whole of said principal sum hereby secured, with the interest thereon to the time of the sale, may at once, at the option of the legal holder thereof, without notice to the first party, become due and payable."

It was also agreed that in the case of a breach of any of the agreements or covenants therein, or in case default should be made in the payment either of the principal or interest on the said indebtedness thereby secured, or any part thereof, when due, by election or otherwise, then, in either of said cases, the grantee might take possession of the premises, collect rents and profits, and apply them, etc., and the legal holder of said indebtedness "shall also in either of said cases have the right to immediately foreclose."

And there was a further agreement in the trust deed, that if a decree for the sale of the premises should be rendered, there should be included in the judgment on such foreclosure, a reasonable sum for complainants' solicitor's fees, which sum should be charged upon the premises as an additional lien under the trust deed.

In the spring of 1896 appellee Robertson learned that the property had been sold in 1895 for the taxes of 1894, and that the fifty per cent penalty already incurred would be increased to seventy-five per cent in a short time, and he also learned that the taxes for 1895 were unpaid. At the request of appellant Elisha Gray, Robertson redeemed from the tax sale and paid the other taxes then due, the whole amount thus paid out by him being the sum of $1,359.91. Gray promised to repay this advancement in ninety days, and told Robertson he would not complain if the latter charged him a large interest. Robertson replied that if the Grays would promptly pay the $350 interest coupon due June 18, 1896, he would carry the taxes until September 1, 1896, at the rate of seven per cent interest, if that was satisfactory, and Gray expressed himself as being satisfied with the proposition. The coupon not being paid on June 18th, the trustee, Paine, demanded payment of the coupon and the taxes within five days.

Mr. Gray replied that he could pay the interest that week but could not pay the taxes immediately, and again asked for delay until September 1st. Mr. Robertson then wrote to Gray, that if the interest was paid within four days, he would carry the taxes until September 1st, and stop the foreclosure proceedings he had instructed Mr. Paine to begin. Ten days later the interest coupon due June 18th was paid by Boynton, the holder of the junior incumbrance. The taxes not having been paid on September 1st, this bill was filed to foreclose the trust deed for the whole amount secured thereby, and also for the taxes paid by Robertson.

A demurrer was interposed to the bill which was overruled by the court and the defendants answered. The cause was referred to the master and proofs taken establishing

the facts. The master reported in favor of appellee; exceptions to the report were overruled, and a decree entered in favor of appellee Robertson for $12,962.70, and $500 for solicitor's fees, and in favor of Boynton on his second incumbrance for $5,990.19. From this decree the Grays appeal to this court.

Although many errors are assigned the two principal points relied on in argument are that the bill was prematurely filed, and that the allowance of $500 for solicitor's fees was improper. These are the only objections we deem worthy of consideration.

The position of counsel for appellants, as we understand it, is that inasmuch as there was nothing due upon the principal and interest secured by the trust deed, there was no right to declare the whole amount due for a default in payment of taxes, their contention being that the taxes were paid under an outside agreement, and that there was no right to declare a forfeiture for non-payment of taxes under the provisions of the trust deed, without a further demand. We think the position is untenable. We do not regard the agreement to wait until September 1st for the payment of the taxes as being in effect a waiver of the right to foreclose when that time came and the Grays were still in default. Certainly the trust deed was broad enough in its terms to authorize a foreclosure for the whole amount secured by it, including taxes paid. A demand for payment was made by the trustee on June 22d, but at Gray's request time was extended definitely to September 1st, the agreement being that if the taxes were then paid the foreclosure proceedings should stop. No further demand was necessary, in our judgment, to entitle Robertson to go on with the foreclosure on the default of the Grays to pay at the expiration of the time agreed upon. We think the right to foreclose for the whole amount secured by the trust deed, as well as for the taxes, was complete in Robertson when the bill was filed on October 7, 1897, and there was no error in overruling the demurrer, nor in the decree, so far as this point is concerned.

As to the allowance for solicitor's fees we think there was no error. The solicitor was a mere naked trustee, having no personal interest in the litigation. Indeed, one of the assignments of error is that there was a misjoinder of parties, because the trustee was joined as a party complainant with Robertson, the owner of the indebtedness secured by the trust deed. The mere fact he was made a nominal party, does not in our opinion make it error to allow him solicitor's fees for foreclosing the trust deed.

The rule contended for by appellants should have no application here, as the reason for it does not exist in this case.

The amount allowed for solicitor's fees does not appear to be unreasonable, and is not in excess of the usual and customary charges made in such cases as shown by the evidence, and we see no reason for disturbing the decree on that account.

Finding no material error in the record the decree will be affirmed.