## Lewis E. Payson v. Florence Ross et al.

1. EQUITY PRACTICE—*When Interlocutory Decrees Become Final.*— When a party moves to amend an interlocutory decree of a former term requiring him to account, etc., in certain matters, he is at the final hearing bound by the terms of that decree. The denial of his motion to

change, amend or modify it, and the same not having been modified or changed by the court, gives it all the force and effect of a final decree, as to the matters therein adjudicated.

2. TRUSTEES—*Not Entitled to Compensation Unless by Contract.*— A trustee can not receive compensation for his services as such, without a contract therefor.

**Bill for an Accounting.**—Trial in the Circuit Court of Livingston County; the Hon. JOHN H. MOFFETT, Judge, presiding. Hearing and decree for complainant. Appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

N. J. PILLSBURY and C. C. STRAWN, attorneys for appellant.

The decree of the court below—that appellant should be charged only with all rents and profits he has received from said lands, and what he has lost by willful default or gross negligence, if any, and all moneys received by him on sales— was right. Roberts v. Fleming, 53 Ill. 196; Mosier v. Norton, 100 Ill. 63; Moshier v. Norton, 83 Ill. 524; McDole v. McDole, 39 Ill. App. 274; 2 Jones on Mtgs., Sec. 1121, *et seq.*

Appellant was entitled to credit for cost of land; all taxes paid; cost of all necessary and permanent improvements, and all reasonable repairs, etc. Cases, *supra;* Ross v. Payson, 160 Ill. 349.

Also to credit for money paid for insurance of the buildings. 27 Am. and Eng. Ency. 163, note to same; Perry on Trusts, Sec. 478.

The trustee is justified in insuring, and in case of loss, the insurance money would belong to the *cestui que trust.* Lewin on Trusts, etc., 580.

EZRA M. PRINCE and CHARLES L. CAPEN, attorneys for appellees.

Where a party is required by decree to account, the burden of proof is upon him, and he can only be allowed such credits as he clearly establishes by proof. Heffron v. Price, 40 Ill. App. 244; Hooper v. Winston, 24 Ill. 353; Daniell's Chy. Pr., 1224; 2 Story's Eq. J., par. 1277.

Payson v. Ross.

A trustee *mala fide* is not entitled to compensation for services.    27 Am. and Eng. Ency. of Law, 187; Lehman v. Rothbarth, 159 Ill. 270 (281–2).

The amount of compensation for improvements is measured by the amount of benefit conferred.    Smith v. Knoebel, 82 Ill. 392 (405); Dean v. O'Meara, 47 Id. 120; Lagger v. Mut. L. Ass'n, 146 Id. 283 (297); Breit v. Yeaton, 101 Id. 242 (272–3); Ebelmesser v. Ebelmesser, 99 Id. 548; Williams v. Vanderbilt, 145 Id. 251.

Even where a trustee acts in good faith he is not entitled to compensation for services, in the absence of an express contract for such compensation.    Lehman v. Rothbarth, *supra;* Hough v. Harvey, 71 Ill. 72.

Even where a trustee acts in good faith, but uses the trust fund, and has failed to keep any exact account of the same, or has refused to render an account to the beneficiary, the law will require him to account with interest computed with annual rests.    Ogden v. Larrabee, 57 Ill. 389 (409); Bond v. Lockwood, 33 Id. 212.

A decree is interlocutory and not final until there has been a final disposition of the case that admits of no further litigation in the court of original jurisdiction.    Gunn v. Donoghue, 135 Ill. 479; Thompson v. Follansbee, 55 Id. 427; R. & M. R. R. Co. v. F. L. & T. Co., 70 Id. 249; Hunter v. Hunter, 100 Id. 519; C. & N. W. R. R. Co. v. Chicago, 148 Id. 141 (152–3); Gade v. Forest G. B. Co., 158 Id. 39.

While interlocutory the court will look into the case to see if it would make the same decree a second time.    Adams' Eq. 416; Wadhams v. Gay, 73 Ill. 415 (430); Shepard v. Speer, 41 Ill. App. 211.

Mr. Justice Wright delivered the opinion of the court.

Originally this was a bill in equity, filed by the appellees against appellant, to set aside certain conveyances of real estate by Franklin Oliver, in his lifetime, to appellant, and is reported in 160 Ill. 349.    The present decree, from which appellant prosecutes this appeal, relates to the accounting for rents and profits, and for improvements, taxes, etc.,

incident to the decree directed by the Supreme Court in the decision to which we have referred. At the May term, 1896, the court entered the decree directed by the Supreme Court; and in it, among other things, it is found that as to lands not sold by Payson he paid certain moneys and performed services for Franklin Oliver for said lands; that he has made valuable and permanent improvements thereon; paid taxes on the same; made necessary repairs; made a trip to New Jersey, paying his own and Franklin Oliver's expenses; performed fully under deed of June 19, 1879 (for 80 acres); for all of which he should be credited. That he should be charged with all rents and profits he has received from said lands, and what he has lost by willful default, or gross negligence, if any; and for all moneys received by him on sales.

*Decreed:* That Payson be allowed for said moneys and services; and that he be charged with said rents and profits received; and what he has lost by willful default, or gross negligence, if any; and money from sales; the account to be stated; cause referred to master, who shall find dates, amounts, etc., of payments to Oliver, to remove incumbrances, taxes, expenditures for permanent improvements, and all other credits due him, including commissions paid on sales of property. Allow complainants all sums received for rents, and any lost by willful default or gross negligence, if any; and sales; whether Payson is entitled to compensation for personal services, proofs to be taken, but question reserved.

Under the reference to the master, ordered by the decree above recited, he took the evidence and stated an account, first, by computing the interest with annual rests to January 1, each year, thereby producing a balance due Payson on the first day of January term, 1897, of $9,480.87; and second, by computing simple interest, producing a balance due Payson on the same date of $8,835.02. Exceptions to this report were taken by each of the parties, of which the exceptions of the complainant were sustained in part, and overruled in part; and the exceptions of Payson all over-

ruled.   At this time, January term, 1897, a motion by complainants was made to amend the decree of the May term, 1896, the one we have recited; but the court overruled this motion for the reason that it was regarded as in effect final; and especially so in view of the long delay and acquiescence of all parties in stating the accounts as indicated by the evidence.   After the court had sustained exceptions to the master's report, the cause was again referred to the master to restate the account, with directions as to the manner of stating it, and to disallow certain specified items of credits to appellant; finding that appellant had lost certain rents by willful default or gross negligence, and directing him to be charged therewith, with interest from January 1st, within the year for which rental is charged.   The master stated the account in obedience to the direction of the court, producing a balance due from appellant at time of decree of $6,273.29.   Appellant excepted to this report, but the court overruled his exceptions, and gave decree against him for the last-mentioned sum, from which he appeals to this court, and has assigned errors upon the record; and for the alleged errors seeks a reversal of the decree.

Appellees having moved the court, at the term in which the final decree was entered, to amend the decree of the court entered at the May term, 1896, and that motion having been denied, they were at the final hearing, and still are, bound by the terms of that decree, whether it be interlocutory or final.   The denial of their motion to change, amend or modify it, and the same not having been modified or changed by the court, gives it all the force and effect of a final decree, as to the matters therein adjudicated.   The only questions, therefore, undetermined in that decree, are the two questions expressly reserved by it, which are as to interest computation, and compensation to appellant as trustee.   Appellant's counsel, as we understand them, do not question the correctness of the decree as to simple interest on items after they are actually due, but deny the right to interest on rents that never were received, and in

this contention we agree. As regards the compensation for services to appellant, as trustee, we understand the rule to be well established that he can not receive compensation without a contract therefor. Gray v. Robertson, 74 Ill. App. 201; 174 Ill. 242. It follows, therefore, that the claim for compensation was properly rejected.

In the opinion of the court by which the decree was directed, it was said : "In this case we are unable to see wherein the defendant Payson can be injured by granting the prayer of the bill and cross-bill of the complainants therein. He can, by a fair accounting, be fully compensated for all the money he has expended, either in the purchase, improvement or payment of taxes upon the land. As to such of the lands as he has fairly sold, he can be required to account only for the proceeds after being reimbursed for all expenditures made by him." Ross v. Payson, 160 Ill. 361. In this expression of the court, if it was not intended to lay down the rule by which the account should be stated, it at least discloses one of the motives, or reasons that induced the court to reverse the former decree, and remand the cause with directions to enter the decree that was entered at the May term, 1896. That decree, as we construe it, is but an echo of the quotation we have made from the opinion of the court, both of which we deem binding upon the parties to the suit, and the court, which may be moved to carry out the directions therein contained. Both the opinion of the court and the decree equally require, although not expressed in the same words, that which is directed in decree above recited. The decree directs appellant to be " charged with all rents and profits that he has received from said lands, and what he has lost by willful default or gross negligence, if any." We are unable to agree with the learned chancellor, who heard the case in the Circuit Court, that appellant has lost rents by willful or gross negligence; we can not from the evidence, support such finding, and the decree, so far as it charges appellant with rents never received by him, is, in our opinion, erroneous. Some of the items for improvements and taxes, disallowed by the court

as credits to the appellant, should have been, in our judgment, allowed. There seems to have been little or no denial that he paid all the taxes; and all improvements of a permanent nature should have also been allowed; such as open ditches, tile drains, granary, milk house, kitchen, and the like, which were disallowed by the court. We think the decree in these respects is erroneous and that the same should be reversed and the cause remanded, and again referred to the master with directions to state the account in accordance with the terms of the decree of the May term, 1896, and the views herein expressed. The record shows that the first report of the master produced a large balance due from appellee to the appellant. In the present condition of the record we are not of the opinion the question arises, whether the appellant could have a decree for any balance that might be produced in his favor, and therefore express no opinion concerning it. Reversed and remanded.