## Prentiss D. Cheney v. N. D. Ricks et al.

1. TENANTS IN COMMON—*Liability for Rents.*—In the absence of fraud and want of ordinary diligence, the accounting of rents between tenants in common should be upon the basis of the rents actually received.

2. SAME—*The Theory of Liability for Rents.*—The theory of the liability of tenants in common for rents, proceeds upon the fact of a certain fiduciary relation imposed upon the parties where one or more of the tenants in common assume to represent all the interests by possession, and this partakes of a mixed aspect in legal contemplation; and where, in the absence of fraud and want of ordinary diligence, it may be presumed that those accepting the liability will, by acting in their own interests, enhance that of the others.

3. INTEREST—*Must Be Claimed in the Court Below.*—A claim for interest upon the amount of rents claimed to be due to a tenant in common in a partition suit must be made in the court below. It can not be raised for the first time in the Appellate Court.

**Partition.**—Appeal from the Circuit Court of Christian County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

FRANK P. DRENNAN, attorney for appellant.

PROVINE & PROVINE and JAMES B. RICKS, attorneys for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was originally a bill in partition by appellees against appellant; and an appeal having been taken from the original decree of partition to the Supreme Court, that branch of the case was there determined and is reported as Cheney v. Ricks, 168 Ill. 533; another and different feature of the matter also appears in Cheney v. Tesse, 108 Ill. 473. By inspection of the opinions there found much of the nature and history of this case may be learned.

In accordance with the decision of the Supreme Court, on August 22, 1898, the decree confirming the report of the commissioners in partition was entered, by which three-fifths of the real estate in controversy was set off in severalty to appellant, and the remaining two-fifths jointly to appellees George E. Maxon and William M. Provine, and the cause referred to a master in chancery to state an account of rents and profits, with proper allowances and deductions, between the parties relative to such real estate. The master reported the evidence and his findings to the court after overruling objections to it, where appellant preserved exceptions to the report which the court on final hearing overruled, approved the report and granted a decree accordingly in favor of appellant against appellees Maxon and Provine for $1,817.23 as in excess of their share of the rents and profits. From this decree appellant appeals to this court and seeks its reversal, urging mainly that the method by which the account was rendered by the master was erroneous and that appellees should have been held to account for the reasonable rental value of the actual rents received.

It appears that appellees Maxon and Provine by pur-
chase, and appellant by descent, were tenants in common
of this land, some 5,481.28 acres, from March 10, 1895, to
August 22, 1898; and that during the period appellant
received one half, and appellees Maxon and Provine the rent
from the other half, so that upon setting off three-fifths of
the land to appellant, appellees became liable to account to
him for the difference in what they took and used in greater
proportion than their interest. Wooley v. Schrader, 116
Ill. 29. Thus they would be liable to appellant for one-
tenth of the benefits derived.

At this point appellant insists that the measure of that
benefit, in any event, is the fair rental value of the land,
during the period, and has directed his proof and argument
chiefly along that line; while the appellees reply that inas-
much as they rented the lands out, which in fact they did,
they should only be charged with rent actually received.
The cases of Holderman v. Graham, 61 Ill. 364; Mahoney
v. Mahoney, 65 Ill. 406; Chambers v. Jones, 72 Ill. 275;
Groves v. Miles, 85 Ill. 85; Wooley v. Schrader, *supra;*
Angelo v. Angelo, 146 Ill. 629 and McParland v. Larkin,
155 Ill. 84, are cited in the support of appellant's con-
tention. Separate discussion of each of these cases seems
unnecessary. Suffice it to say that they announce the
law as it is now understood in this State upon the
principles involved; but in neither instance can this court
determine from the reasoning and language of those
opinions that it was intended to decide, that where a
co-tenant had received specific rent for the use and occu-
pation of the estate in greater proportion than his interest
he should nevertheless be held to account to other co-tenants
for the reasonable rental value of the estate. Indeed, that
case does not seem to have been considered in the authorities
mentioned. On the other hand there are cogent reasons
against the position taken by appellant why, in the absence
of fraud and want of ordinary diligence, the accounting
should be had of rents actually received where this question
arises. It is well established that the theory of liability in
such a case does not proceed upon the existence of a promise,

express or implied, for the appropriate remedy on that score is denied. Crow v. Mark, 52 Ill. 332. It rather proceeds upon the fact of a certain fiduciary relation imposed upon the parties where one or more of the tenants in common assume to represent all the interests by possession, which partakes of a mixed aspect in legal contemplation; and where, in the absence of fraud and want of ordinary diligence, it may be presumed those accepting the liability will, by acting to their own benefit, enhance that of the other interests. This question, though it may appear new as applied to tenants in common, is well settled in other relations partaking somewhat of the features of the case in hand. In Moshier v. Norton, 100 Ill. 63, and McDole v. McDole, 39 Ill. App. 274, it was held that a mortgagee in possession and a tenant *per autre vie* in possession are ordinarily held only to account for actual receipts, in the absence of gross negligence and want of reasonable diligence; and not for the reasonable rental value of the lands; and so far as these cases touch that of the tenant in common in possession, and to the present case they seem most applicable, the rule should be of equal force and justness. Again, in the case of Payson v. Ross, 77 Ill. App. 635, it is of considerable weight that the same rule was adopted in making the account there decreed, which it seems was recognized to be the true measure in a controversy similar to that under discussion. There is no evidence in this case of willful default, gross neglect or any want of ordinary diligence on the part of Maxon and Provine in securing proper benefits of the use of this land, and the court can not escape the conclusion that they were properly charged in the decree with the amount of the rents actually received. The principle is well sustained in its application to the facts in the case presented, and can work no hardship upon appellant; to require appellees to account for the rental value of the estate held by them, if that should exceed the rents received, would, in the absence of proof of willful default, gross negligence or want of ordinary diligence, be harsh upon them, and not warranted by the evidence. The decree in that regard is faultless.

The other contention of appellant against the decree relates to the method of stating the account adopted by the master and approved by the court; and first it is here insisted that in such accounting interest should have been allowed appellant on the sum so found due him.   The question concerning interest is for the first time raised in this court, and, as frequently held in similar circumstances, for that reason we must decline to pass an opinion upon the merits of that insistence.   So far as it is permitted to be discovered from the abstract of the record, no claim for such interest was made in the trial court.

It appears that in setting off these lands some seven hundred acres which had been held by Maxon and Provine became the property of appellant, and that in like manner one hundred and twenty acres which had been held by appellant was set off to Maxon and Provine; and it is contended by appellant that the accounting should have been made to embrace transactions touching these portions only.   But we think this point also without force.   Previous to the decree confirming the report of the commissioners, the interests were undivided and it could not without judicial determination have been said that appellant was entitled to the possession, exclusive of any specific tract of the land. Appellees were entitled to take and use in proportion to their interests in the whole body of land; but as they took and used more than that proportion, they are liable to account for the excess, and that must be determined with reference to the tract occupied and the whole, and all the interests, and not to any exclusive interest in a portion.   In taking this account the decree confirming the report of the commissioners gave appellant no rights of account which he did not have before.

Concerning the method pursued by the master to obtain this account it seems that he required the parties in the first instance to strike off, their own accounts and submit them to him.   That of appellees Maxon and Provine, it appears, was partly prepared by a clerk, to which exception was taken by appellant.   The account was testified to be cor-

rect, and we can see no reason why the intervention of clerical services in the tabulation should avoid it. It further appears that no item of appellees' account as rendered, was disputed by any evidence offered, except the claim of Maxon to commissioners for services in and about the collection of the rent, which claim was rejected by the master; and that action of the master is recognized by appellees as proper. So far as can be seen this mode of accounting was regular. Patterson v. Johnson, 113 Ill. 559; and there is no doubt from the evidence that it resulted in an equitable and just determination of the true amount due to the appellant from Maxon and Provine for the enjoyment of a greater proportion of the common estate than their interests. Most of the rents received by appellees were in grain which they held, making gain, the total rents and profits received being $21,015.06. This was charged against them and they received credit for all taxes during the period paid upon land and grain, insurance premiums on the property insured, labor in and about caring for the grain, received as rent, for its protection and preservation, marketing it and for certain seeds, such credits amounting in all to $2,842.73, leaving a balance, being the net rents and profits, of $18,172.33, of which appellant is entitled to one-tenth, as stated above. This the decree approved. The court is unable to discover anything in the proceedings, as complained of, prejudicial to the appellant; and therefore the decree of the Circuit Court will be and is affirmed.