JOSEPH P. KING.

*v.*

JEDUTHAN MASON.

1. ASSUMPSIT — *when it will lie.* The title to real estate cannot be tried in an action of assumpsit.

2. So, where a person is in the adverse possession of real estate, by his tenants, and has collected rents therefor, such rents cannot be recovered from the person so collecting them, by another, under claim of title to the premises, in this form of action.

3. CONTRACTS — *must be enforced with all their terms and conditions.* A party cannot repudiate a contract or compromise so far as its terms are unfavorable to him, and claim the benefit of the residue.

4. So, where a purchaser of land died, leaving two children, and by arrangement between them the land was conveyed to one under an agreement that the other should remain in possession until he received a certain sum that was due him in respect to the property, the one taking the deed takes it under the arrangement, and subject to all its terms and conditions, and cannot recover from the other party any rents he received for the premises, until the latter is re-imbursed the amount agreed upon.

APPEAL from the Circuit Court of Kendall county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of assumpsit commenced in the Court of Common Pleas of the city of Aurora by Jeduthan Mason against Joseph P. King. The cause was removed, on change of venue, into the Circuit Court, where a trial resulted in a verdict and judgment for the plaintiff. The defendant brings the cause to this court by appeal.

The opinion of the court contains a sufficient statement of the case.

Mr. L. R. WAGNER, for the appellant.

Messrs. METZNER & WHEATON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action for money had and received, brought by Mason against King to recover certain rents received by King

and alleged by Mason to belong to himself in right of his wife, who was a sister of King. The premises from which the rent accrued seem to have belonged to one Hall, and to have been bought from him by the father of King and Mrs. Mason. After his death a deed was made by Hall to Mrs. Mason, under an arrangement between her and King, by which the latter was to retain possession of the house until he had received five or six hundred dollars due to him. It appears that the father and son worked together before the death of the former, who was, in the language of one of the witnesses, "under a cloud," and the son worked with the father in building the house which paid the rent in controversy. One of the witnesses swears the house was built by defendant.

Admitting that the deed from Hall to Mrs. Mason vested the legal title in her, of which, however, there is no evidence, there is no proof whatever that the appellant acted as agent for Mrs. Mason in collecting the rents, or that he collected them, in any sense, for her. On the contrary, it appears that he had possession of the house, as landlord, from the time it was built, that he collected the rents in his own right, and never acknowledged any title in Mrs. Mason. Giving, then, the evidence its most favorable construction as to the claim of the plaintiff, and it is still clear that he cannot make the defendant liable until it is shown that the latter has received the amount which was to be allowed him, before his sister, Mrs. Mason, should come into the enjoyment of the rents. There is some controversy whether this arrangement was made before or after the marriage of Mrs. Mason to plaintiff, and, if after, it is insisted her husband was no party to it. But it matters not, as it was under that arrangement that Mrs. Mason received her deed for the property, and, if the plaintiff claims any thing under that arrangement, he must take it with all its terms and conditions. A party cannot repudiate a contract or compromise, so far as its terms are unfavorable to him, and claim the benefit of the residue.

If we lay out of the case the evidence of this arrangement between Mrs. Mason and King, then the proof merely shows

an adverse holding, as landlord, by King, without any privity between him and the plaintiff, and without any recognition by him of any right or interest on the part of the plaintiff or his wife from the time the house was erected. If this was the case, then the rents cannot be recovered in this form of action. The title to real estate cannot be tried in an action of assumpsit. *Dudding* v. *Hill*, 15 Ill. 61; *McNair* v. *Swartz*, 16 id. 24; *Greenup* v. *Vernon*, id. 26. The judgment must be reversed and the cause remanded.

*Judgment reversed.*