### William Kran v. William H. Case, et al.

#### Gen. No. 4,515.

1. WARRANTY DEED—*construed.* A warranty deed containing the following reservation: " except an undivided half of all coal that may be thereon," held not necessarily to constitute an assertion of the ownership of the interest excepted, but to be equally susceptible of the construction that the grantor did not own and, therefore, did not seek to convey such excepted interest.

2. ASSUMPSIT—*when does not lie.* Assumpsit does not lie by one co-tenant to recover of another co-tenant rents accruing from the estate in common.

3. ASSUMPSIT— *when does not lie.* Assumpsit does not lie where the real question to be litigated is one of title to real estate.

Action of assumpsit. Appeal from the County Court of Rock Island County; the Hon. E. E. PARMENTER, Judge, presiding. Heard in this court at the April term, 1905. Reversed. Opinion filed October 25, 1905.

GEORGE W. WOOD, for appellant; STURGEON, STELK & STURGEON, of counsel.

ADAIR PLEASANTS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is an action of assumpsit brought by William H. Case against William Kran in the County Court of Rock Island County. The declaration contains several counts, but, to avoid a motion for a certain rule, plaintiffs stipulated that the only cause of action was the one set out in the first count of the declaration. The count charged that on June 11, 1870, plaintiffs were the owners in fee and possessed of a certain eighty-acre tract of land described in the declaration, and that by a warranty deed made later in said month of June, 1870, plaintiffs conveyed said premises to Thomas J. Davis, excepting and reserving from said premises by said conveyance the undivided one-half of all coal that might be thereunder, together with so much of said land as was then occupied by the Coal Valley Railroad Company; that by mesne conveyance said premises were acquired by defendant by warranty deed in 1898, which deed contained the exception of an undivided one-half interest of all coal that might be in said lands; that in 1900 a vein of coal was discovered and opened on said premises, and a large quantity of coal was mined and taken out, under the terms of a lease, whereby royalties were paid by the lessees to the defendant for each ton of coal so mined, amounting in all to $2,000; that by virtue of the exception and reservation in said first-named deed one-half of all the royalties paid for the coal taken out of said premises became payable to plaintiffs by defendant, and that being so liable, defendant promised to pay, but neglected and refused so to do. Defendant pleaded the general issue, and a second plea alleging that plaintiffs had no interest whatsoever in said land or any claim therein, and a third plea averring that plaintiffs never reserved by the deed from plaintiffs to Thomas J. Davis the undivided one-half of all the coal that might be in said land, or any part thereof, and a fourth plea that plaintiffs never were the owners in fee and possessed of more than an undivided half of the coal in the land. There were appropriate replications to these pleas, a jury trial, a verdict and

a judgment for plaintiffs and against defendant for $1,000, from which defendant prosecutes this appeal.

Plaintiffs introduced in evidence a warranty deed from plaintiffs to Thomas J. Davis, conveying to the latter the eighty-acre tract of land referred to, with these following words, following the description of the land, "except an undivided half of all coal that may be thereon, and so much of said tract of land now used and occupied by the Coal Valley Railroad Company." Plaintiffs also introduced a deed from the heirs at law of Thomas J. Davis to defendant for said eighty-acre tract of land, following the description of which in said deed were these words, "except an undivided one-half of all coal that may be thereon, and so much of said tract as is now used and occupied by the Rock Island and Peoria Railway Company for its right of way." Plaintiffs made defendant a witness and proved by him that he entered into possession under said last-named deed, and that he had discovered and taken out coal, and received about two thousand dollars therefor. This is the substance of plaintiffs' testimony. Plaintiffs rely upon the proposition that the above-quoted exceptions from the two deeds above named constitute proof against Kran that when said deed to Thomas J. Davis was made by plaintiffs they were the owners of the undivided half of the coal which was excepted from the operation of their deed. We are of opinion this position is untenable. The instrument did not reserve to plaintiffs the undivided half of the coal, as the declaration alleged. Plaintiffs excepted one-half the coal from the conveyance. That may have been because they owned all the coal and wished to reserve a half interest to themselves. But on the contrary it is equally true that this exception may have been made because they did not own the other half interest in the coal, and they wished to convey only what they did own, or they wished to restrict their covenants of warranty to that which they did own. Suppose in the deed from plaintiffs to Davis conveying the eighty-acre tract the deed had said, "except a piece of land ten rods square in the northeast corner of

Kran v. Case.

said tract." Could it be claimed with any show of reason that Davis by accepting that deed admitted that the grantors also owned said piece ten rods square? We think not. The exception in the deed would be equally consistent either with the position that the grantors owned it but did not wish to convey it, or that they did not own it, and therefore did not wish to seem to convey it, and did not wish to make themselves liable for such piece under their covenants of warranty. In our judgment the exception of one-half the coal under the surface, from the language of the conveyance and from the covenants of the warranty deed, has no tendency to show that plaintiffs owned the coal so excepted, and does not constitute any proof against defendant that they owned the same. It follows that the proof introduced by plaintiffs did not make a case.

Defendant, after introducing proof tending to show his inability to produce the originals, sought to introduce the record of the chain of title from the government to himself of this land and of all the coal, including in said chain of instruments a deed from H. H. Beardsley to Loudan L. Case, the father of the plaintiffs, and from whom plaintiffs inherited all the rights they ever had in this real estate, which deed, after describing the land in question, added these words, " The said Beardsley reserving one-half of the coal mine, with a privilege to work it." Defendant also offered the record of a warranty deed from the heirs of Beardsley to defendant conveying an undivided half of all the coal under said land, which deed purported to be acknowledged and recorded prior to the commencement of this suit. Plaintiffs objected to the introduction of these records, both on the ground that the proper foundation had not been laid for the introduction of the records instead of the originals, and also on the ground that such instruments were not competent, because the title to real estate could not be tried in this action of assumpsit. The court sustained these objections. The last-named objection reveals the fatal difficulty in trying to dispose of the issues here involved in an action of assumpsit. Plaintiffs concede

that if the deed from Beardsley to their father means that
Beardsley reserved one-half of the coal under the surface
of the land, then the plaintiffs never owned but one-half of
the coal under the surface, which half they conveyed to
Davis, and the Davis heirs to defendant, and that in such
case they are not entitled to the rents or royalties here re-
covered. But in the same breath plaintiffs contend that
these muniments of title could not be given in evidence in
this action. Plaintiffs therefore in effect contend that
even if they never in fact owned any more of this coal
than they conveyed through mesne conveyances to defend-
ant, yet by bringing their suit in assumpsit they have put
themselves in a position where they can have the benefit
of a presumption, against the truth, that they do own the
remaining one-half of this coal, and at the same time
by their form of action shut defendant out of the oppor-
tunity to prove the real fact that they never owned the re-
maining half interest in the coal.

This brings us to the two reasons why this suit cannot
be maintained. First, upon the theory of plaintiffs they
are tenants in common with defendant. In this state an
action of assumpsit cannot be maintained by one tenant in
common of real estate against his co-tenant for his propor-
tion of the rents. The theory of liability in such a case is
not based upon the existence of a promise either expressed
or implied. Crow v. Mark, 52 Ill. 332; Cheney v. Ricks,
87 Ill. App. 388, and 187 Ill. 171, 173. We are bound to
follow the rule laid down in the foregoing decisions. A
different rule prevails in some other states, some of them
acting under special statutes. The authorities *pro* and *con*
are collected in a note to 28 L. R. A. 844-848. Second, the
question upon which this case in fact depends, and which
must be litigated before it can be determined whether
plaintiffs are entitled to recover, is the title to the undi-
vided half of this coal which did not pass by the deed from
the plaintiffs to Davis—in other words, the title to real
estate. If the allegation made by plaintiffs in their first
count is true, they own this remaining undivided half of

the coal, and are entitled to recover what defendant has derived therefrom. If defendant's contention is true, plaintiffs never owned any coal under the surface of this land except the undivided half they conveyed to Davis and the Davis heirs conveyed to defendant. If the defense had only been that defendant did not remove any coal, or that he had paid plaintiffs one-half of all he had received therefrom, no question of title would have been involved. But in fact defendant asserted title in fee to all the coal, and offered proof tending to sustain that contention, and it was kept out under plaintiffs' objection that title could not be proved in this action. That objection was well taken, but it goes further and prevents plaintiffs from maintaining this suit in assumpsit where the real question to be litigated is one of title to real estate. Dudding v. Hill, 15 Ill. 61; McNair v. Schwartz, 16 Ill. 24; King v. Mason, 42 Ill. 223. The judgment is therefore reversed.

*Reversed.*