**KELVIN LUMBER & SUPPLY CO. et al. v. COPPER STATE MINING CO.**
(No. 810.)

(Court of Civil Appeals of Texas. El Paso. June 9, 1921. Rehearing Denied June 23, 1921.)

1. **Mines and minerals** ⊚⇒51(3)—**General allegation of ownership of claim sufficient against general demurrer.**

In an action for conversion of ores removed from a mining claim, the general allegation that plaintiff was the owner of the claim is sufficient as against general demurrer.

2. **Mines and minerals** ⊚⇒51(3)—**Mere allegation of ownership of claim not sufficient against special exceptions.**

Even in an action for the conversion of ores, a mere general allegation that plaintiff was the owner of the claim from which the ores were taken would be insufficient against a special exception.

3. **Appeal and error** ⊚⇒80(1)—**Judgment for plaintiff, not mentioning counterclaim, is final.**

In an action in which the defendant filed a cross-action, a judgment for plaintiff for less than the amount due from the garnishee, without any mention of the cross-action, is res judicata as to the cross-action, and therefore a final judgment, from which an appeal may be taken.

4. **Courts** ⊚⇒7 — **Action for ore removed by trespasser from claim is transitory.**

An action for the conversion of ores removed from a mining claim, the title to which was in the government, is transitory, and may be brought in a state other than that in which the claim is located, though the respective rights of the parties to take the ore from the claim rested on whether a proper location had been made and had been followed by doing the annual assessment work.

5. **Estoppel** ⊚⇒95—**Mere silence does not estop recovery against purchaser from trespasser.**

Mere silence by the party entitled to possession of a mining claim does not defeat his right to ore taken therefrom by a trespasser and sold to an innocent purchaser, though of course the owner's consent to such taking would defeat his right.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Appeal and error ⬡⟳931(3)—Presumed trial court found facts to support judgment.**

Where there was no request for a finding as to the consent of the owner of a mining claim to the removal of ore therefrom, and there was evidence affirmatively disproving such consent, it will be presumed that the trial court found against such consent, to support its judgment for plaintiff.

**7. Mines and minerals ⬡⟳29(4)—Void relocation does not give right to ore extracted.**

An attempted relocation of a mining claim, which was void because the claim was then held under a valid location by others, who had done all assessment work thereon, does not entitle the relocators to the ore taken by them from the claim, though they were in actual possession of it.

**8. Mines and minerals ⬡⟳51(3) — Defendant cannot recover for expenditures on ore purchased from trespasser, without pleading facts.**

In an action for the conversion of ore taken from a mining claim by trespassers, the purchasers cannot recover for their expenditures on the ore, where they did not plead nor prove the items of such expenditures.

**9. Mines and minerals ⬡⟳51(5)—Trespassers cannot recover expense of taking out ore.**

In an action for the conversion of ore removed from a mining claim by trespassers, the trespassers are not entitled to compensation for the expense of removing and shipping the ore.

**10. Mines and minerals ⬡⟳51(3)—Deeds executed after suit for conversion of ores executed to replace lost deed held admissible.**

A deed, which was executed after the suit was brought for conversion of ores removed from a mining claim, but which showed on its face that it was executed in lieu of a prior deed, which had been lost, was admissible in that suit in support of the evidence that plaintiff had purchased the claim from which the ore in controversy was removed before its attempted relocation by defendants.

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Action by the Copper State Mining Company against the Kelvin Lumber & Supply Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Davis, Goggin & Harrington and R. M. Reed, all of El Paso, and C. H. Studley, of Hayden, Ariz., for appellants.

F. E. Hunter and McKenzie & Loose, all of El Paso, and John B. Wright, of Tucson, Ariz., for appellee.

HARPER, C. J. At a former term this court rendered its opinion affirming this case, and thereafter granted a motion for rehearing, and held that the trial court was without jurisdiction. 203 S. W. 68. The Supreme Court of Texas granted a writ of error, and upon hearing held that the trial court had jurisdiction, and reversed and remanded the cause to this court "for disposition upon the other assignments." 227 S. W. 938.

Upon return of the mandate, both appellants and appellees have filed motions for judgment. We have concluded that it would serve no good purpose to comment upon the points urged in support thereof, so have reviewed the case again, and are of the opinion that the following opinion being the first one agreed upon, expresses fully our opinions as to the law of the case, it is therefore rendered as of this date:

## Opinion.

The Copper State Mining Company brought this suit in El Paso county, Tex., against the Kelvin Lumber Company and H. E. Kidder and F. Burns for certain ore, or the sum of $2,500, the alleged value of said ore, taken from a mining claim in the state of Arizona by said Kidder and Burns, and sued out a writ of garnishment against the Consolidated Kansas City Smelting & Refining Company, of El Paso, Tex., and the latter answered that it owed the appellant $1,710. For cause of action plaintiff alleged:

"That it is the owner of the Rough Rider mining claim in Arizona; that defendants Kidder and Burns, without its knowledge or consent, entered upon the claim and extracted ores therefrom, and delivered same to the Kelvin Lumber Company, to be shipped to the smelter at El Paso; that neither of the parties named owned or had any right, title, or interest in or to the claim or the ores"

—and prayed judgment for the ore or its value.

Kidder and Burns answered by general demurrer and general denial. The Kelvin Lumber Company, appellant, answered by general demurrer and general denial, and specially that about October 1, 1916, Kidder and Burns sold said ore to it for value; that it shipped it to the Smelter Company, by reason of which said Smelter Company became indebted to it for the value thereof; that by reason of the garnishment it was prevented from collecting its value, to wit, $1,710, and was deprived of the use of same, to its damage in the sum of $57; that it had purchased the ore in good faith, without notice of any claim or right of plaintiff thereto; that plaintiff had no right to it; that Kidder and Burns were in peaceable possession of the ore, and in actual possession of the mining claim, and plaintiff made no objection to the ore being taken out, and being sold and delivered to it; it therefore is estopped from making any claim thereto.

Trial before the court without jury, and judgment entered for $1,493, from which this appeal.

---

⬡⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The trial court filed the following findings of fact and conclusions of law:

"The court finds that the plaintiff company, the Copper State Mining Company, and its grantors, had located in due form of law a mining claim known as the Rough Rider mining claim, situated in the Bunker Hill mining district, Graham county, state of Arizona, and that the plaintiff company in the form of law performed the annual assessment work upon the said claim, for the year 1915.

"II. That the defendants H. E. Kidder and F. Burns attempted to relocate the said Rough Rider mining claim in August, 1916; that the ore in question was taken from the Rough Rider claim by said Kidder and Burns after their attempted relocation of said claim.

"III. That the defendant Kelvin Lumber & Supply Company in good faith advanced money and credits to said Kidder and Burns for prosecuting development work on their attempted relocation, and for the purpose of assisting them in the extraction of ores therefrom.

"IV. That the ore in question is of the value of $1,493.

"Conclusions of Law.

"And the court finds as his conclusions of law:

"I. That the attempted relocation of the said H. E. Kidder and F. Burns was void and of no effect, and that they were trespassers upon said property.

"II. That the better right to said mining property, the Rough Rider, is in plaintiff.

"III. That the ore in question is the property of plaintiff, and plaintiff is entitled to the recovery of the same, or its value to the amount of $1,493."

[1] The first and second assignments are that the plaintiff's petition is subject to the general demurrer, because it is nowhere alleged therein that the appellee, or those under whom it claims, had any right or title to the mining claim from which the ore was taken, at the time it was taken, or at any time prior to the filing of the suit. The allegations in the petition quoted above were sufficient upon general demurrer to be the basis of cause of action for conversion of personal property. Rains v. Herring, 68 Tex. 472, 5 S. W. 369; Tillman v. Fletcher, 78 Tex. 675, 15 S. W. 161; Towne's Texas Pleading, pp. 389, 390; Chapman v. Witherspoon, 192 S. W. 281.

[2] The statement that plaintiff is the owner is quite meager, and, if it had been especially excepted to, it should have been sustained, and plaintiff then required to amend, etc. Booth v. Pickett, 53 Tex. 439.

[3] By the sixth it is asserted that, because the court rendered judgment for $1,493, instead of $1,710, the total amount due from the smelter, and refused to render judgment for defendant upon its cross-action for damages, for the difference, with interest thereon from the date the same was garnisheed, the judgment is not final. In Trammell v. Rosen,

106 Tex. 132, 157 S. W. 1161, the Supreme Court holds:

"There is no doubt that, if a set-off is presented by defendant in his pleadings, and attempted to be supported, * * * it will, whether allowed or disallowed, become res adjudicata. It is settled by the judgment as conclusively, when it does not appear to have been allowed, as though there were an express finding against it."

There are many cases in this state holding to the contrary, but this is the latest expression from the Supreme Court, and is therefore conclusive upon the question.

[4] It is suggested upon argument, not specifically by assignment in the brief, that because by plaintiff's petition and proof it conclusively appears that its right to recover is dependent upon proof of title to the land from which the ore was taken in Arizona, this is not a transitory cause of action which may be brought in this state, but that the state in which the land lies has exclusive jurisdiction.

The petition contains the averment that plaintiff is the owner of the mine, but the facts show that judgment was asked not for the trespass upon the lands, but for the ore, or its value. The ore, after it was extracted, became personal property. Hodges v. Hunter, 61 Fla. 280, 54 South. 811, 34 L. R. A. (N. S.) 994. See, also, note 26 L. R. A. (N. S.) 940; Missouri P. Ry. Co. v. Cullers, 81 Tex. 382, 17 S. W. 19, 13 L. R. A. 542. And suit therefor may be maintained in any state where found, or for its value, wherein the property may be found or the court get service upon the parties.

However, it seems that there is no question of title to land. The title is in the government. No patent has issued, so far as this record discloses; so the respective right of the parties to take this ore from the claim rests upon the fact of whether a proper location has been made and followed by annual assessments being made according to law, and the latter the trial courts have found to have been done by appellees.

[5, 6] By the third assignment the question is raised: Was appellant an innocent purchaser, and therefore entitled to recover? Because it had purchased the ore in good faith, for a valuable consideration, without notice of any claim of appellee, and with his knowledge and consent, it was therefore estopped from claiming the ore. Where a party is the owner of property, or has the right to its possession, as has been found by the trial court in favor of appellee herein, upon sufficient evidence, he does not by mere silence lose his right to it by permitting another, who has no right to it, to take it; but of course, if the appellee gave its consent to the taking, or if it gave its consent to appellant Lumber Company to purchase the

ore, or to make advancements to Kidder and Burns of cash upon the belief that the ore would not be taken away from it, then they might be estopped. But there is no finding by the trial court that appellee gave its consent to the taking, nor that appellee consented to the purchase or advance of money on the ore. None was requested, and since we find evidence affirmatively disputing that such consent was given, it will be presumed that the trial court found the facts to be in favor of the judgment.

[7] The fourth assignment is:

"The court erred in rendering judgment for the plaintiff, and not for this defendant, for the reason that the evidence shows that the defendants H. E. Kidder and F. Burns went upon the mining claim and extracted said ore therefrom under a claim of title, having made a regular location of said claim in conformity with the laws of Arizona, provided for in such cases, and was in the actual and peaceable possession of said claim when they extracted and sold said ore to this defendant, and the title to said mining claim being in the United States government, said defendants had a better right, under such circumstances, to said ore, after they had extracted the same, than the plaintiff."

The trial court has found the fact to be that appellee and its grantors are holding under valid location by their vendors, and that the annual assessment work has been done by appellees. Therefore the attempted relocation by Kidder and Burns was void. Belk v. Meagher, 104 U. S. 279, 26 L. Ed. 735; Score v. Griffin, 9 Ariz. 295, 80 Pac. 331. And actual possession under a void location would not avail them.

[8, 9] The fifth assignment:

"The court erred in rendering judgment for the plaintiff for the full value of the ore extracted from said mining claim, and not rendering judgment for this defendant for the costs it had expended and furnished to the defendants H. E. Kidder and F. Burns in extracting said ore from the claim, and shipping it to the El Paso smelter, and having it smelted and refined, which amounts are shown by the evidence, and for which amounts this defendant was entitled to judgment, even though plaintiff should have been entitled to judgment for the ore."

The answer is that there is neither pleading nor evidence as to the cost of shipping or charge for smelting: therefore appellant cannot here get judgment for such items, and Kidder and Burns, being trespassers, are not entitled to recover for expenses in taking out the ore.

[10] The seventh assigns error to the admission of a deed in evidence executed after this suit was brought. In this there was no error. It showed upon its face that it was executed in lieu of a prior deed which had been lost, and so was admissible in support of the evidence that the purchase of the mining claim had been made prior to any attempted relocation by Kidder and Burns.

The eighth is disposed of by the observation next above.

Finding no error in the record, the cause is affirmed.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes