**GRAY v. CORNELIUS.**

No. 454.

District Court, N. D. Oklahoma.
April 11, 1930.

W. K. Zackry, of Muskogee, Okl., and William Neff, of Tulsa, Okl., for plaintiff.

Stone, Moon & Stewart, of Muskogee, Okl., for defendant.

KENNAMER, District Judge.

The plaintiff brought this action against the defendant to recover $28,800 for money had and received. The action was originally instituted by Charles A. Coakley, receiver for the Aztec Oil Company. The receivership having been concluded, the properties were sold under decree of the court. The plaintiff Gray by assignment from the purchaser of the properties of the Aztec has become the owner of the alleged cause of action.

The petition filed by the plaintiff alleges that on the 31st day of December, 1925, the Aztec Oil Company was the owner of an oil and gas lease covering 120 acres of land located in section 21, township 14 north, range 12 east, Okmulgee county, Okl., known as the Stizzy Orblitt lease; that the lease had originally been owned by the defendant, Ira E. Cornelius, who had assigned it to W. H. Gray in the capacity of trustee; that Gray assigned the lease to the Aztec Oil Company at the direction of Cornelius, who had sold said lease to the Aztec Oil Company for a valuable consideration paid by the Aztec Oil Company to Cornelius; that the assignment of the lease by Gray to the Aztec Oil Company was not recorded, but left in the files of said company; that Cornelius was a director and vice president of said company and as such had access to its files and records; that, for the purpose of defrauding the Aztec Oil Company, Ira E. Cornelius wrongfully withdrew the assignment of said lease from the records of the company, erased the name of the Aztec Oil Company as assignee, and wrongfully inserted therein the name of Ardeta Cornelius, his stepdaughter, and caused her to assign the lease to the Kingwood Oil Company of Okmulgee, Okl., for a consideration of $28,800 in cash paid to Ira E. Cornelius; that he received said $28,800, which

was legally and justly the property of the Aztec Oil Company, and converted and appropriated the same to his own use and benefit.

The defendant, Ira E. Cornelius, filed an answer, in effect, a general denial to the petition filed by the plaintiff.

The cause was tried to a jury and a verdict returned in favor of the plaintiff. The defendant has filed a motion for a new trial. The motion is before the court for determination.

It was urged in the oral argument that the action in assumpsit for money had and received cannot be sustained because title to the leasehold estate sold is involved. The leasehold being in controversy, the court is without jurisdiction; the land in controversy being within the Eastern district of Oklahoma and without the jurisdiction of the Northern district. Plaintiff's remedy, if any, is in equity.

The contention in support of the motion for a new trial is bottomed upon the assumption that the gravamen of the plaintiff's action is the conversion of the leasehold estate, and that an action in assumpsit for money had and received cannot be maintained to try title to real estate. Cases cited in support of this contention are: Brigham v. Winchester, 6 Metc. (Mass.) 460; Baker v. Howell, 6 Serg. & R. (Pa.) 476; Lewis v. Robinson, 10 Watts (Pa.) 338; Parks v. Morris, Layfield & Co., 63 W. Va. 51, 59 S. E. 753; Kran v. Case, 123 Ill. App. 214. The authorities support the rule that an oil and gas mining lease vests in the lessee a present interest in the real estate. Shaffer v. Marks et al. (D. C.) 241 F. 139; Aggers v. Shaffer et al. (C. C. A.) 256 F. 648; Guffey v. Smith, 237 U. S. 101, 35 S. Ct. 526, 59 L. Ed. 856; Rich v. Doneghey, 71 Okl. 204, 177 P. 86, 3 A. L. R. 352. Many authorities support the rule, so far as title to land is concerned, that the plaintiff out of possession cannot sue for property severed from the freehold, or its value, when the defendant is in possession of the premises from which the property was severed, holding them adversely in good faith under claim and color of title. Halleck et al. Executors v. Mixer, 16 Cal. 574; King v. Mason, 42 Ill. 223, 89 Am. Dec. 426; Parks v. Morris, Layfield & Co., 63 W. Va. 51, 59 S. E. 753. The reason for the rule is that a personal action cannot be made the means of litigating and determining the title to real property as between conflicting claimants. The authorities, however, establish the doctrine that this rule does not exclude proof of

title on the part of the plaintiff in other cases, because upon such proof the right of recovery rests. It is the proof of the plaintiff's title in many cases that establishes the plaintiff's right to the personal property involved in the action, and it must be in the first instance established. Halleck v. Mixer, supra; Stone v. United States, 167 U. S. 178, 17 S. Ct. 778, 42 L. Ed. 127; Phelps v. Church of Our Lady Help of Christians, 99 F. 683 (3 C. C. A.). It will be observed the rule that an action in trover will not lie for the conversion of property, such as stone or trees severed from the land, has only been sustained, where it appeared from the facts that the defendant was in the actual possession of the premises asserting title under a bona fide claim.

The defendant, Cornelius, in this case was never in possession of the premises. The proof showed that Cornelius on the 5th day of November, 1925, wrote a letter to T. A. Johnston & Company advising Johnston Company that the Aztec Oil Company would obligate itself to contribute the sum of $500 towards the cost of drilling a well on the lands, offsetting the lease herein involved. The offer to contribute what is commonly called "dry hole money" was on behalf of the Aztec Oil Company. The only interest that the Aztec Oil Company had in contributing towards the drilling of the well on adjoining property was the fact of its ownership of the Stizzy Orblitt lease.

The Aztec Oil Company has at no time questioned the title of the Kingwood Oil Company to the lease, and by its acts has acquiesced in the transfer of the lease to the Kingwood by Cornelius. The title and possession of the Kingwood has been undisturbed by any act of the Aztec Oil Company. Cornelius was a managing officer of the corporation occupying a fiduciary relation requiring at all times the utmost good faith on his part in dealing with the property of the corporation. Such officer is held to a strict accountability for all breaches of trust. He will not be permitted to retain any secret profits made by him in breach or disregard of his fiduciary relation, but must account for such profits to the corporation. It was by reason of his relation to the corporation that he had access to the papers and files of the corporation. In fraud of the rights of the corporation he withdrew the assignment of the lease and changed the name of the assignee, sold the lease for a valuable consideration, which, in justice and equity, he is required to account to the corporation for the

proceeds of the sale. Where a managing officer of a corporation acquires an interest in property adverse to that of the corporation, he will be deemed to hold it as a trustee for the corporation and the stockholders, and may be held liable for the loss to the corporation resulting from his breach of duty. 14 A. C. J. page 121, § 1889; McCourt et al. v. Singers-Bigger (8 C. C. A.) 145 F. 103, 7 Ann. Cas. 287.

It is a matter of common knowledge that oil and gas leases have a fluctuating value. The managing officer of a corporation, where title is vested in the corporation to an oil and gas lease, in making the sale thereof was obligated by reason of his fiduciary relation to sell such lease for the best advantage of the corporation. I do not believe the defendant in this case is in a position to plead his own wrong, in fraudulently changing the name of the assignee in the oil and gas lease from that of the Aztec Oil Company to that of his daughter, as a defense to the action. The rule is well established by the authorities that an action of assumpsit for money had and received in its spirit and purposes is very similar to a bill in equity, and is an exceedingly liberal action, which will lie where a defendant has in his hands moneys, which, ex æquo et bono, belongs to the plaintiff. King v. Martin, 67 Ala. 179; Keyes v. First National Bank of Aberdeen, S. D. (C. C. A.) 25 F.(2d) 684; Millett v. Omaha National Bank (C. C. A.) 30 F.(2d) 665.

In the case of Myers v. Hurley Motor Co., 273 U. S. 18, 47 S. Ct. 277, 278, 71 L. Ed. 515, 50 A. L. R. 1181, Mr. Justice Sutherland, speaking for the court, said: "The action brought by the quondam infant is one for money had and received. * * * Such an action, though brought at law, is in its nature a substitute for a suit in equity; and it is to be determined by the application of equitable principles. In other words, the rights of the parties are to be determined as they would be upon a bill in equity."

In selling the lease it was his duty, Cornelius, to act for the best interest of the company. He converted the lease into money, and in violation of his duty as a faithful officer of the company he appropriated the money to his own use and is accountable therefor. If the title to the lease be involved, it is only incidentally so, and to the extent it sheds light upon the source of the money for which the defendant is held liable. Mexican Gulf Oil Co. et al. v. Compania Transcontinental De Petroleo, S. A. (D. C.) 281 F. 148; 5 C. J. p. 1389, 1390, § 29.

The motion for a new trial should be denied, and it is ordered that judgment be entered upon the verdict of the jury.