**CHOICE et ux. v. TEXAS CO.**

**No. 4482.**

District Court, N. D. Texas, Dallas Division.

Jan. 16, 1933.

H. S. Garrett and H. R. Wilson, both of Ft. Worth, Tex., for the motion.

Allen & Allen and E. G. Moseley, all of Dallas, Tex., opposed.

ATWELL, District Judge.

Plaintiffs sue for the value of oil alleged to have been converted by defendant. They say it was taken from a fifty-acre tract of land in Gregg county, Tex. They claim that they were the owners, "in fee simple of all the oil * * * under the tract and parcel of land so situated"; that the defendant, beginning in October, 1931, drilled oil wells on that land and took therefrom 66,631 barrels, "of the reasonable market value at the time of such taking and conversion of $58,845.83"; that this amount was exclusive of the royalty, for which no claim is made; that such conversion was accomplished by the defendant by shipping and transporting the oil to refineries, the whereabouts of which are to the plaintiffs unknown, but that the same was converted into gasoline, which was then disposed of; that the conversion was accomplished by running oil out of the wells, and into the storage tanks, built by the defendant and thereafter transported through pipe lines and otherwise; and that at the time of conversion from the storage tanks the same was the personal property of the plaintiffs because, "it had been previously drained and removed from wells located on said property."

Their suit was brought in the District Court of Dallas county and was seasonably removed.

Gregg county is in the eastern district of Texas, and is about one hundred miles from Dallas. Dallas county is in the northern district.

The defendant moves to abate the cause on the ground that it is a local and not a transitory action in that it is in reality a suit to be determined by the title to the land; that, while it purports to be for conversion of certain oil, it is for ejectment.

In addition to the allegations of the plaintiffs' petition which make no direct claim of possession of the land by the plaintiffs, and which seems to show possession thereof by the defendant, proof was offered tending to support the defendant's theory that it had drilled the wells after having secured a regular chain of title from the sovereignty of the soil into itself, and after having entered into possession of the land thereunder, and after having asserted, in good faith, title thereto.

The evidence, as well as the pleadings, drive the court to the conclusion that it is a battle between the plaintiffs and the defendant for the land, each claiming the title thereto.

Actions of this sort, under the Texas practice, are local and must be brought in the county where the land is situated. A settlement of the question of title between the plaintiffs and the defendant may not be had by a trial for conversion of that which was once a part of the realty.

While it is true that trover is the technical name of the common-law action provided for the redress of a conversion, such form of remedy will not lie when ejectment should be asked. A personal action cannot be substituted for an action to try title. As stated in 38 Cyc., 2040, "trover will not lie when title to land is an issue."

That which is severed from the soil and converted may be salvaged by a plaintiff who is in actual possession of the soil, or when the defendant's possession of the soil was only fugitive, fraudulent, and under no bona fide claim of title, but was a mere wrongdoer. Under such circumstances, a plaintiff of course, would be entitled to immediate possession of the severed minerals.

The rule seems to be, as supported and made by the weight of authority, that a plaintiff out of possession may maintain an action for damages for conversion against a defendant in possession who has taken minerals from the soil, when the defendant came into possession by wrongful seizure of the realty and is a mere wrongdoer with no claim of interest in the land. In other words, when the possession of the defendant is fraudulent, or, when the defendant's claim to the title to the land is void on its face so that the court can say at the outset of the contest, as a matter of law, that the defendant's claim is not made in good faith, and that it has no real or substantial value.

In Texas oil in place is a part of the realty. When it is taken therefrom it becomes personalty. But, when the taker is in actual possession under a claim of title to the land in which the oil is in place, and proceeds to mine under that claim and removes the oil as a result of such possession and mining and claim, the only sort of suit that would be effective by one out of possession, is a suit to test the title.

The rule has many reasonable grounds for its support. The owner of the land has a right to all that is therein. To permit a suit by one out of possession and who does not come within the diagram suggested above would open the way for a continuity of litigation which could not find a settlement until there was a definite determination of the ownership of the land. This inquiry into the legal title to the land may not be had by a purely personal and transitory action. If so,

the title of one state or of one county would be determined by actions in another state or another county. 85 Am. Dec. 322, note; 89 Am. Dec. 429, note; 26 R. C. L. 1107; Cooper v. Watson, 73 Ala. 252, 254; Aldrich Mining Co. v. Pearce, 169 Ala. 161, 52 So. 911, Ann. Cas. 1912B, 288; Gray v. Cornelius (D. C.) 40 F. (2d) 67.

There does not seem to be any serious difference of opinion among the courts with reference to the rule that an action in trover will not lie for the conversion of property where it appears from the facts that the defendant was in the actual possession of the premises asserting title under a bona fide claim. Arizona Commercial Mining Company v. Iron Cap Copper Company, 236 Mass. 185, 128 N. E. 4.

The case of Kelvin Lumber & Supply Company v. Copper State Mining Company (Tex. Civ. App.) 232 S. W. 858, Id. (Tex. Com. App.) 227 S. W. 938, 939, is a Texas case and is cited by the plaintiffs as a controlling authority which gives them the right to sue in the form here attempted.

That case originated over a claim of title to ore which had been mined in Arizona and shipped into Texas for smelting. Both the plaintiff and the defendant were Arizona corporations. The plaintiff sought recovery of the ore or its value and incidentally alleged that it had been mined in Arizona by third parties from a claim which it owned and that the defendant had purchased from them and had delivered it to the smelting company at El Paso. The land belonged to the United States and at the time Kidder and Burns entered upon it the plaintiff was in possession. The trespassers' claim for the land was absolutely void and was not sufficient to support any right of possession, nor any evidence of good faith. Under facts of that sort the Court of Civil Appeals held that the suit for the recovery of personal property or its value may be brought in Texas for minerals unlawfully severed and converted, "where the petition is upon an independent cause of action for conversion of the personal property, distinct from that for trespass to the land. This right in our state courts is not abridged or destroyed because it may be necessary in such an action to allege and prove right of possession to the mining claim located in the other state."

The Supreme Court in approving the decision on the whole, said, "We approve the holding in the report of the Commission of Appeals, that the District Court of El Paso County had jurisdiction of the cause. We regard the decision of other questions as unnecessary on this appeal, and therefore express no opinion upon them."

It would be an inaccurate statement to say that there are no cases which hold that the plaintiffs may proceed as they are seeking to do here, but it is accurate to announce that the reason is stronger and the authorities are much more voluminous against such a right.

The records and the witnesses are more usually available in that locality where the land is situated. One determination is a finality. The very substance and bone of the contention between the parties is exposed and concluded.

It is not a question here of venue. It is a question of fundamental law. It is the preservation of the fitness of pleading at and for that which will answer for all time the differences between the contenders. The title to the land being settled once and for all, all other controversies disappear. One vanity of the law is the doing of just that.

The plea in abatement must be sustained.